## Case No. 6,924.

### Ex parte HURST.

[1 Wash. C. C. 186; [1] 4 Dall. 387.]

Circuit Court, D. Pennsylvania. Oct. Term, 1804.

ARREST—PRIVILEGE FROM—PARTY TO CAUSE.

1. A party to a cause, depending for trial, is privileged from arrest, during the continuance of the court, at which the trial will take place.
[Cited in Bridges v. Sheldon, 7 Fed. 44.]
[Cited in Re Healey, 53 Vt. 696; Fisk v. Westover (S. D.) 55 N. W. 962.]

2. This privilege extends not only to prevent his arrest, when attending the court, and when coming to, and returning from it, but while he is at his lodgings.
[Cited in Re Kimball, Case No. 7,767; Larned v. Griffin, 12 Fed. 590; Ex parte Schulenburg, 25 Fed. 212.]

Mr. Ingersoll moved, on behalf of Timothy Hurst, to be discharged from arrest under a capias ad satisfaciendum that issued against him from the supreme court of Pennsylvania, executed on him whilst he was attending this court as a suitor and witness. The motion was founded on the affidavit of Hurst; that, in consequence of a letter from his counsel, Mr. Ingersoll, informing him that his suit against Charles Hurst would come on for trial in this court; he left New York, his place of residence, on the 9th of the month, reached Philadelphia on the 11th, and put up at Hardy's tavern, where he was arrested under the execution. That after he arrived, and before the arrest, he was served with a subpoena from this court, commanding his attendance as a witness, in a cause depending to be tried this term.

Mr. Ingersoll supported the affidavit as to the suit, and Mr. Wallace as to the subpoena; but neither were required by the other side to make an affidavit, and it was admitted on the other side, that his attendance on both accounts was bona fide. In support of the motion, Mr. Ingersoll cited Barnes, Notes Cas. 200. An attorney attending his business to execute a writ of inquiry, will be discharged from a ca. sa. 5 Bac. Abr. (last Ed.) 631. A member of parliament, discharged from a ca. sa. 6 Term R. 686. A member of the king's family, discharged from a ca. sa. 5 Bac. Abr. (last Ed.) 617. All persons are protected from arrests within view of the court, or near enough to disturb it. 1 H. Bl. 636. Any persons going to, attending, or returning from court, who went there relative to business in the court, which

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

called for their attendance, are privileged from arrest, and a single judge may discharge. 4 Bac. Abr. 221; 5 Bac. Abr. 623, were also cited. 1 Tidd, Prac. 61, 62, parties to a suit, and witnesses attending court, going to or returning from it, privileged. The party so privileged and arrested, may apply to the court whose protection he asks, or that from which the process on which he was arrested issued, whichever first sits; to be discharged. 2 Strange, 990; Dyer, 60a. Privilege allowed where the party is an executor. [Coxe v. M'Clenachan] 3 Dall. [3 U. S.] 478.

Mr. Rawle, for the creditor, against the motion, contended, generally; that the privilege only extended to the party coming to, attending, or returning from court; but he was not protected when at home; and Hurst must be considered as being at home at his lodgings, where he was arrested. That the cases cited prove no more; and if a contrary doctrine were admitted, that every citizen in Philadelphia, from the time he was served with a subpoena, or who had a cause in court, would, during the whole time, be privileged from arrest. He relied upon [Starret's Case] 1 Dall. [1 U. S.] 356, where it was ruled, at nisi prius, by the chief justice, that the privilege did not protect against a ca. sa. though it did against mesne process. The arrest must not be near the court, or at court. 1 Brownl. & G. 15. To an action of escape from ca. sa. the defendant plead a custom of London to discharge suitors, that the party was arrested going to court, and was discharged by the court, not good on demand, for the reason just mentioned. 2 Ch. Cas. 69. Protection does not extend against arrest in execution. T. Raym. 100; 2 Ld. Raym. 1524; Wood, Inst., 478, 571; Brooke, Abr. 159; same point, 5 Com. Dig. 89. If taken in execution, he shall not be discharged, for then the creditors would be without remedy. If the courts of Pennsylvania should adhere to the decision given as reported in 1 Dall., the sheriff might, if sued for the escape in the state court, be made liable.

BY THE COURT. It is clear from the cases cited that the applicant was privileged from this arrest and that it is our duty to discharge him, that the proceedings of this court may not be impeded, or justice defeated. If the privilege in such a case does not extend to the party at his lodgings, as well as coming to and returning from court; the protection which the law affords him, would be a mere mockery. His lodgings are as much a sanctuary for him as the court house; but when his business is done, he must return, so as not to be guilty of a material deviation. As to the danger to the sheriff, this is merely imaginary. For, though the supreme court should differ from us upon the point, and adhere to the opinion of the chief justice, at nisi prius; yet, after Hurst was discharged by a court, having competent jurisdiction of the case, it would discharge the sheriff, though we should decide incorrectly. It would be a strange situation to place the sheriff in, who, if he refused to obey our order, would be subject to be committed for a contempt, and if he obeyed, should subject himself to an action for an escape.

[The matters in controversy were subsequently referred, by consent of the parties, to arbitrators, and their award was confirmed. Case No. 6,930.]