## E. F. Bishop and others *vs.* Francis Vose and others.

Under the statute which provides that " in actions on joint contracts, if all the defendants are not inhabitants of this state, service upon such as are inhabitants shall be sufficient notice to maintain the suit against all the defendants," it is not necessary that the defendant on whom service is made should be an inhabitant of the state, but it is sufficient if he is temporarily within the state at the time when service is made upon him.

A judgment rendered under the provisions of that statute against all the defendants, is conclusive upon the defendant on whom service was made, and holds for the purposes of the execution the property of any of the other defendants that may have been attached in the suit; but as to its effect on the other defendants personally : *qu.*

An inhabitant of another state, who is attending court within this state as a party plaintiff, is not protected from the service of a writ of summons, in an action instituted against him in the courts of this state.

Whether an inhabitant of another state, attending the courts of this state as a witness, would be protected in such a case : *qu.*

A motion to strike a case from the docket for want of jurisdiction, must be predicated only on matters appearing on the face of the writ or of the officer's return of service.

Such a motion is only a mode of calling the attention of the court to the facts thus appearing, and is no part of the record of the case, and may be made orally.

Any matter of abatement not thus appearing on the face of the record must be presented by plea in abatement.

THIS was an action of assumpsit, brought by the plaintiffs, partners under the name of Bishop & Co., against Francis Vose and Charles L. Perkins of the city and state of New York, and John B. Kettell, of Boston, in the state of Massachusetts, late partners under the name of Vose, Perkins & Co. The writ was served as a summons on Vose, in the city of Bridgeport in this state, on the 24th day of January, 1857, and no other service was made in the case.

At the first term of the court Vose filed a written motion that the cause be stricken from the docket, on the ground that all the defendants were inhabitants and residents of other states and that no service of the writ was made except upon him personally in the manner stated, and that at the time of such service he was necessarily attending court at said Bridgeport as a party and witness in a case there on trial. The court on the motion found that Vose came into the state to attend the trial of a suit then pending in the superior court for the county of Fairfield, at the December Term, 1856, in which he and the other defendants in the present case were plaintiffs, and the present plaintiffs were defendants; that he attended as such plaintiff, and to testify as a witness therein; that he remained in attendance in court after the testimony was closed on the afternoon of the 23d day of January, 1857, and during the argument which then commenced and was concluded by the plaintiffs' counsel on the afternoon of the 24th day of said January, and until after the cause was committed to the jury by the judge; and was intending to leave, and did in fact leave in the first practicable conveyance thereafter, viz: in the train which left Bridgeport for New York on the evening of the 24th of January, 1857; and that the process in this suit was served upon him on the 24th day of January, after the termination of the

trial. The suit was brought upon a contract executed in the state of New York.

The questions of law arising upon the motion and on the facts found thereon, were reserved for the advice of this court.

*Dutton* and *Baldwin,* in support of the motion.

To confer jurisdiction on our courts over persons who are not inhabitants of the state and have no attachable property here, they must either have voluntarily submitted themselves to such jurisdiction, or must have come here under such circumstances that the law of the state will confer it against their consent. In neither of these ways has jurisdiction been conferred in the present case.

1. Vose, Perkins & Co., having a claim against inhabitants of this state, came here, of necessity, to assert their rights and seek justice from the tribunals of this state, against Bishop & Co. whose persons and property were here. In relation to that suit they voluntarily subjected their rights to the jurisdiction of our courts. Beyond that they have done no act manifesting their assent to its exercise.

2. Has the law of Connecticut conferred jurisdiction over them or either of them, by reason of any act done by them or either of them? We claim that it has not. 1st. The suit is a joint action against Vose, Perkins and Kettell. It is founded on a joint contract set out in the declaration, and averred to have been executed in New York. On a joint contract the recovery must be against all the joint contractors, if against any. 2d. Our statute, (Rev. Stat., tit. 1, § 21,) enacts that, " In action on joint contracts, if all the defendants are not inhabitants of this state, the service of the process upon such as are inhabitants of this state, shall be sufficient notice to maintain the suit against all the defendants." The reason is apparent. If they resided in different states, there could not otherwise be a suit against them in either, unless all were found in one state and served with process. At common law the plaintiff in such case must proceed to outlawry, for he could not declare otherwise till

all were in court. 2 Sellon's Prac., 279. *Symonds* v. *Parmenter*, 1 Wils., 78. *Edwards* v. *Carter*, 1 Stra., 473. 3d. But the statute only confers such jurisdiction, when one of the joint contractors is an " inhabitant " of the state. It is founded on the idea of a consent by all who unite in a joint contract, to be sued in the state of which either is an inhabitant. In this case there is no room for any such inference. It is within neither the letter nor the spirit of the statute. 4th. The word " inhabitant," as used in the statute, means a person having his domicil in the state, not one who is casually found here. It could never have been intended that service on one of several joint contractors (inhabitants of other states) when merely passing through the state, should confer jurisdiction over all his co-contractors.

3. No jurisdiction was acquired over Vose, by service of a summons under the circumstances stated in the motion and in the finding of the court. The case is wholly unlike that of an inhabitant or resident of the state who is served with a summons while attending court as a witness. Being at all times within the jurisdiction of the court, it is a matter of indifference to him at what place he is served with a summons. He needs only protection from arrest. But a witness or suitor from another state is entitled to protection not only from arrest, but from what may be to him of far greater importance,—the jurisdiction of a foreign court. The rule of protection is founded in the public policy. It is essential to the administration of justice in our courts. Not merely the witness or party immediately affected, but every suitor in court is interested in its maintenance. The attendance of important witnesses from other states could not otherwise be obtained, and our courts would for want of their testimony often be made instruments of injustice. Such protection, at all times important, is especially so now, when all parties, however deeply interested, are allowed to be witnesses, and the personal attendance of witnesses from abroad is often absolutely essential to the ascertainment of truth. Public policy requires, therefore, that they should be permitted to come and go without affecting their individual

rights, by subjecting them to a foreign jurisdiction. An inhabitant of the state of New York may otherwise be subjected to a suit in Connecticut on claims barred by the statute of limitations in his own state, and thus lose the protection of a statute which would there protect him. So a citizen of Connecticut might in like manner be deprived in another state, by a suit brought against him while attending there as a witness, of the benefit of his own testimony which would be a shield for his protection at home. In view of the policy of affording perfect protection in such cases, the supreme court in New York, in *Sanford* v. *Chase,* 3 Cow., 381, decided, where a witness came into that state from Connecticut to prove a will and was sued, that not merely the arrest, but the suit itself should be set aside. And in a still more recent case (*Seaver* v. *Robinson,* 3 Duer, 622,) it was held that a witness coming into the state of New York from Rhode Island was not liable to be sued. Though merely summoned and not arrested, the service was set aside. See also *Norris* v. *Beach,* 2 Johns., 294; *Bours* v. *Tuckerman,* 7 id., 538; 1 Greenl. Ev., § 316; *Lightfoot* v. *Cameron,* 2 W. Bla., 1113; *Meekins* v. *Smith,* 1 H. Bla., 636. In a country like ours, where the rules of evidence and modes of trial in different states are essentially diverse, it is important that absolute freedom from suit should be given to witnesses coming from abroad, or it will be impossible to procure their attendance. Mr. Vose came into Connecticut both as a party and a witness. His testimony was important in his own behalf, and in behalf of his co-contractors. He came here supposing that he would be entitled to the same protection from the jurisdiction of our courts, that is extended in New York to witnesses from Connecticut.

*Hawley* and *Warner,* (with whom was *Loomis,*) contra.

1. The service by summons on Vose was no infraction of his privilege as a party or witness. *Hart* v. *Granger,* 1 Conn., 154. *Hunter* v. *Cleveland,* 1 Brev., 167. 1 Greenl. Ev., § 316. And if we are to adopt the rule laid down in some of the recent cases in New York, which protects from all

civil process a witness from abroad while in attendance on the courts of that state, yet here Vose was a party, and his attendance here was as a party and not as an ordinary witness. And no case that has been cited extends the privilege of a witness to a party to the suit, especially a party plaintiff, who has of course voluntarily brought his suit here.

2. Where there has been an *arrest,* it does not abate the suit. The party is merely discharged from the arrest, commonly on his own bail. 1 Swift Dig., 497. 2 Saund. Pl. & Ev., 955. *King* v. *Coit,* 4 Day, 136.

3. The service was made upon a party liable to the process, and under our statute the service upon him was sufficient for the purpose of maintaining the suit against all the joint contractors. Rev. Stat., tit. 1, § 21. The court will give a liberal construction to that statute, and will not require that the party served with process should be an "inhabitant" of the state. There would otherwise be a failure of justice, and courts will go to great lengths in extending the operation of a statute to prevent such a result. Coke Litt., 24 b. *Smith* v. *Colgay,* Cro. Eliz., 384. *Wood* v. *Hartford Fire Ins. Co.,* 13 Conn., 202.

4. But if the service on Vose was insufficient to hold all the joint contractors, yet it was sufficient at the common law to hold him upon the cause of action on which he was sued. The obligation was none the less his obligation that there were other obligors with him. *Tappan* v. *Bruen,* 5 Mass., 193, 196. *Call* v. *Haggar,* 8 id., 423. *Parker* v. *Danforth,* 16 id., 299. *Peckham* v. *Haverhill,* 16 Pick., 274. All these decisions are under the common law.

5. At all events this case cannot be dismissed upon motion. A motion to quash will be sustained only where it is apparent upon the face of the record that the court has no jurisdiction. Where the want of jurisdiction can be shown only by proof of extraneous facts the matter must be pleaded in abatement. The office of a motion to quash is only to call the attention of the court to facts appearing on the record and which the court has a right to notice without any motion. *Nye* v. *Liscomb,* 21 Pick., 263.

ELLSWORTH, J. The mode taken in this case to present the questions of law intended to be raised, is irregular and objectionable, but as we have no doubt upon the general merits, we will dispose of the case on the latter ground in order to make an end of the matter in controversy.

But first, as to the irregularity of this proceeding. The defendants raise the question of jurisdiction on the ground that there has been no service of the writ,—none on Perkins and Kettel, for it is not pretended that any service has been made on them,—and no legal service, they say, on Vose, for though he was in the state and served with a summons, he was not, they say, a settled inhabitant of Connecticut, and was only temporarily here attending the trial of a cause wherein he was plaintiff, and on this account could not be sued even by the service of a summons. That he was not a settled inhabitant is not denied, if we are permitted to go into parol proof, but it is denied that this makes any material difference in the case. The officer who served the writ returns that he made service on Mr. Vose in the city of Bridgeport. Now a motion to quash for want of jurisdiction is never proper, unless the writ and service, both or one of them, show every fact necessary to establish the want of jurisdiction, so that the court can see of itself that it can not entertain the cause for trial. If inquiry is to be made and the parties are to go into extraneous proof, a plea in abatement is the usual and only proper mode of raising the question, and a motion to quash will not be entertained. By such a plea an issue will be formed on the record, which can be tried according to the rules of law, and either party have a review of any error that may intervene; and further, the record will show the exact manner in which the case has been tried and disposed of. A motion to quash is not in strictness any part of the record; it may be and often is made by parol, though it is more common to make it in writing; and aside from or without a record, there is no possibility of a review by writ of error or motion for a new trial for any error in the proceedings. This point was decided in *Wickwire* v. *The State*, 19 Conn., 484, where the true rule of

law is given for dismissing a case on motion to quash. That was a criminal case, but in this respect there is no difference between a civil and criminal suit. The reasons given are as applicable to one as the other, that the want of jurisdiction must be apparent on the record. The same was decided in *Nye* v. *Liscombe,* 19 Pick., 263. The Ch. Justice there says : " We take the rule to be this : where the matter on which the defendant relies to abate the suit is a fact not appearing on the record or the return of the officer, it must be pleaded in abatement, so as to give the other party an opportunity to traverse and try it. But where all the facts upon which the claim to have the process abated is founded, appear by the record, including the return of the officer, of which the court will take notice without plea, there the action may be dismissed on motion. In such a case the motion is not intended to state new facts, but merely to bring to the attention of the court, and also to the notice of the other party, those facts appearing on the record and return, which of themselves are sufficient to show that the action cannot properly be proceeded in, for want of due service or other defect in the proceedings."*

Without spending more time on the point of form, we proceed to show that there is no fact stated in the present case which can sustain a plea in abatement, had such a plea been put in.

The circumstance that all the joint debtors were not served with process, cannot be a valid objection to the jurisdiction ; for the statute provides for such a case, when it declares that service on one of two or more joint debtors, the latter being out of the state, shall be sufficient for the court to entertain jurisdiction of the cause and render judgment against all the debtors. It is true that the statute does not declare what shall be the effect of the judgment, where a subsequent

---

* The rule here laid down with regard to motions to quash, was applied at the following term in New Haven county, where the court refused to hear the case of *New Haven Steam Saw Mill Co.* v. *Boggs,* which came before it upon a reservation for its advice, on a motion to quash for matters not appearing on the record. R.

Bishop *v*. Vose.

suit is brought on it against those defendants personally who were not served with process and who did not appear in court, and we do not choose to express any opinion upon that point at this time, but doubtless the judgment is good against the one upon whom service is made, and against any property of the others that may have been attached.

It is, we understand, conceded that such is the case here unless the fact that none of the defendants are settled inhabitants of this state makes a difference. It is said that the statute does not apply to a case where none of the defendants permanently reside in the state. But we think otherwise. It would be giving too narrow a construction to the word "inhabitant" as used in the statute. We think the statute should be held to include, by a fair and liberal construction, every person who is in the state, whether here for a longer or shorter period. This was certainly intended, and is in itself most just and reasonable, since a service upon a person actually present in the state is enough to confer on the court jurisdiction over the person and the complaint against him. If it were otherwise there would be in a case like this a palpable failure of justice, without any reason or propriety for making such a distinction. What difference can it make, whether the person sued is an inhabitant by a fixed and permanent domicil in the state, or is here for a short time only? He owes the entire debt himself and ought to pay it to his creditor, and if he will not and must be sued to force him to do justice, he ought not to be permitted to abate the process because he does not belong here, and compel his creditor to pursue him into some other jurisdiction, where perhaps the same difficulty will be raised as is said to exist here? Something may be learned from looking at the sixty-fourth section of the statute, which makes the fact of being here as effectual as that of living here for the purpose of giving a court jurisdiction. Such a liberal and equitable construction of the statute is fully sustained by what we find in the books on this subject. Plowden says, such a construction is to be put on a statute as may best answer the intention which the makers have in view, for *qui*

*haeret in litera haeret in cortice.* Hence a thing which is in the intention of the makers of a statute, is as much within the law as if it were within the letter. In some cases, he continues, the letter of an act of Parliament in order to effectuate its object is restrained, in others it is enlarged, and in others still the construction is contrary to the letter. Plow. 36, 82, 232, 465, 467.

The statute 4th Edw. III. gives a right of action in certain cases to executors, and the courts have by the equity of the statute extended its operation to executors of executors and to administrators. *Smith* v. *Colgay*, Cro. Eliz., 384;—so to other and different remedies from those mentioned in the statute. *Rutland* v. *Rutland*, Cro. Eliz., 377. *Williams* v. *Gray*, 1 Ld. Raym., 40. See further the remarks of Ch. J. Hosmer, which are very full to this effect, in *Clark* v. *Hoskins*, 6 Conn., 109. See also Smith on Stat. Construction, 670, where this subject is discussed with ability and many cases are cited in illustration of the doctrine.

We are not able to say what was the particular mode pursued to obtain judgment against joint debtors when a part only were inhabitants of the state, before the present statute, a very ancient one, which provides that service on a part shall be sufficient to authorize judgment against all; but we can not doubt that there was some way to reach the case and afford the necessary relief. At the common law no such question could have arisen, because at the common law if the defendant did not appear the plaintiff proceeded to outlawry, and, by later practice, files common bail for the defendant and proceeds accordingly; but no such practice has ever prevailed here or in New England. We have always allowed judgment in chief by default in the first instance. In Massachusetts, as held in the case of *Tappan* v. *Bruen*, 5 Mass., 195, where the mode of taking judgment against a part of the joint debtors is discussed, the practice seems to be the same as ours. Parsons Ch. J. says in that case that it has been an immemorial practice in the service of a writ against two or more defendants, if some of them are without the jurisdiction of the commonwealth so that their bodies can not

Bishop *v.* Vose.

be arrested and have no usual place of abode within the state at which a summons may be left, to cause the writ to be served on the defendants within the state, and to proceed only against them for the breach of the contract by all the defendants. He further says, that this practice is exceedingly convenient,—that it originated from necessity, as no mode of service is provided by their laws upon a debtor who is without the state and has no place of abode within it. The same was held in *Call* v. *Hagger*, 8 Mass., 423. See further *Sanderson* v. *Hudson*, 1 East., 144, and *Bull* v. *Bishop*, 1 Doug., 141. However the law might have been held to be in Connecticut had we no statute to reach the case, we can not doubt that since we have a statute it is broad enough to furnish a remedy in a case like the present.

Another question is made of a different and novel character, but which is easily disposed of. Was Mr. Vose privileged from being served with a summons, because he came here to attend the trial of a case which he caused to be brought in one of our courts? We think he was not. Had he been an inhabitant of Connecticut, his attendance in court would have given him no such immunity. Why should it any more because he comes here from another state? This would seem to be an additional reason why our citizens should be allowed to sue him here and bring him to trial within our own jurisdiction. At any rate he can not be placed on any better ground than our own citizens. In *King* v. *Coit*, 4 Day, 130, our court decided that while the defendant was attending the General Assembly he was not subject to a suit by any form of service whatever, not even to a writ of error, which is nothing but a summons; but the decision was placed on the peculiar language of the statute, which declares that a member of the assembly shall not be arrested, sued or imprisoned or anywise molested or troubled, or compelled to answer to any suit, bill, plaint, declaration or otherwise, before any other court, judge, or justice, cases of high treason and felony excepted;" and even in this case Judge Reeve, in a dissenting opinion, held, that this statute ought not to be so construed

as to render void and inoperative the service of a writ by leaving a copy or by a mere summons. He held that the statute introduced no new rule of law; for it was conceded on all hands that at common law, although an arrest would be void and the person set at large on motion, the suit would not abate, and that was all that was intended by the statute. And we suppose there can be no doubt that in all such cases of parties or witnesses, they can not be arrested or detained, and will be discharged at once on motion to the court, because the court needs their attendance and assistance to enable it to discharge its duties to the parties and the public; but a mere summons works no prejudice to the court or the parties, and the action goes into court to take its trial at some proper and convenient time. Generally, if not universally, at the common law, parties and witnesses are liable to be sued, though their bodies can not be attached or detained, and hence all the books speak of their being entitled to their liberty, but nothing more, and the suit never abates for any such cause. 1 Phill. on Ev., 5, 6. 1 Sw. Dig., 497. *King* v. *Coit*, supra. Numerous other cases are cited in 1 U. S. Dig., p. 236, et seq.

It is said again to be unjust and to involve a want of comity to foreigners when they come here of necessity to sue our citizens, who can not be found elsewhere and have no property elsewhere, to allow them to be sued and compelled to submit their causes to our courts of justice. But why is this unjust or uncourteous? We confess we do not see it. From the first it has been the law, both common law and statute law, that a foreign citizen, if found here, whether here on business or pleasure or hastening through the state with railroad speed, is liable to be sued like any other person and is not entitled to any personal or peculiar immunity. And we are at a loss to discover why our citizens should be obliged to go into a foreign jurisdiction in pursuit of their debtors, when those debtors are here and can be sued here and can receive here that consideration which is meted out to all indiscriminately. The very difficulties which are urged here

by the defendant may, for aught we know, be urged in greater force in any other state or country.

It is said that at all events, however the law may be as to a party, a witness from abroad stands on a different ground, and that he certainly ought not to be liable to be sued here while in attendance on our courts as a witness. Perhaps this is so. We are not prepared to say that it is not, since a witness may be said not voluntarily to put himself under our jurisdiction like a party. Distinguished judges have thought there was a difference and a material difference in this respect, that foreign witnesses ought to be encouraged to come and testify in person, and therefore should be protected from all jurisdictional process of a civil nature, while this is not necessary as to parties, who are not here except from pure choice, whether they be plaintiffs or defendants. We believe that such is the law of New York and perhaps is held elsewhere. *Norris* v. *Beach*, 2 Johns., 294. *Bours* v. *Tuckerman*, 7 id., 538. *Sanford* v. *Chase*, 3 Cow., 381. *Seaver* v. *Robinson*, 3 Duer, 622. 1 Greenl. Ev., § 316. *Lightfoot* v. *Cameron*, 2 W. Bla., 1113.

However this may be, we know of no decisions that carry the exception beyond the case of a witness, and there is no principle of comity or public policy to be derived from them which will sustain the doctrine claimed by the defendants. We advise judgment for the plaintiffs.

In this opinion the other judges concurred.

Judgment for plaintiffs advised.