## FISK v. WESTOVER.

1.  Section 5274, Comp. Laws, covers only the subject of the immunity of witnesses attending court from service of process, and does not assume to regulate the exemption of suitors.
2.  A nonresident suitor, coming into this state for the sole and only purpose of attending the trial of his case, such attendance being shown to be necessary, is privileged from service of civil process while coming to, returning from, and attending upon the conrt for the purpose of such trial.

(Syllabus by the court.   Opinion filed Oct. 18, 1893.)

Appeal from circuit court, Hughes county.   Hon. H. G. FULLER, Judge.

Action by Robert B. Fisk against J. Henry Westover. From a judgment setting aside the service of summons, plaintiff appeals.   Affirmed.

*Shunk & Hughes,* for appellant.

The common law exempted both parties and witnesses from arrest on civil process, while going to, attending or returning from attendance upon courts.   112 Mass. 428; 6 Mass. 245; 5 Gray, 538; 1 H. & N. 99; 2 Strange, 1094.

Many of the states have held held that the rule extending this exemption to all kinds of process is without reason, equity, or justice.   15 At. 82; 6 Cal. 32; 27 Conn. 1; 7 Johns, 538; 1 Brev. 167; 5 Rich. Law, 523; 4 T. B. Mon. 539; 9 Yerg. 7.

Under our code only witnesses in attendance upon the court in obedience to its subpœna are exempted from the service of process.   Comp. Laws, Sec. 5274; 6 Cal. 32; 58 Pa. St. 338; 14 Pa. St. 441; 16 Vt. 439; 24 Ind. 194; Sutherland Stat. Com. Sec. 325.

*Horner & Stewart,* for respondent.

A resident of another state who has in good faith come to this state to give evidence as a witness in a cause, is exempt from service of a summons in a civil action against him in coming, while in attendance and for a reasonable time thereafter in which to return.   This immunity is not confined to witnesses,

but also extends to parties to the action. Sherman v. Gund-lach, 33 N. W. R. 549; Palmer v. Rowan, 32 N. W. R. 210; Mathews v. Tufts, 87 N. Y. 570; People v. Judge, 40 Mich. 1729; Person v. Grier, 66 N. Y. 124; *In re* Healey, 53 Ver. 694; Halsey v. Stewart, 4 N. J. 421; Anderson v. Rountree, 1 Pinney, 115; Mitchell v. Huron Cir. Judge, 53 Mich. 541.

KELLAM, J. This is an appeal from an order of the circuit court setting aside the service of a summons upon defendant. The affidavit upon which the motion was granted shows that the defendant (respondent) was a resident of the State of Illinois, temporarily in Hughes county, where the service was made, for the purpose, and only for the purpose, of attending the trial of two certain cases then pending in said court, wherein respondent was a party, and testifying therein. That his presence and attendance at said trials as a party were necessary and essential to the safe and proper conduct of the cases and the protection of his interests therein, and that the service was made during the time he was in attendance upon court. The first of said actions was tried on the 26th and 27th days of January, 1891, a verdict being returned in favor of respondent on the latter day. That after verdict, and before judgment was entered thereon, and before the departure of any train or other conveyance by which respondent could start for his home, the summons referred to was served upon him. The second case has not been reached for trial.

There seems to be no question about the facts, nor as to what the affidavit shows as to the circumstances under which the service was made, the only question being discussed by counsel being whether the service of a summons under such circumstances should be allowed to stand and give the court jurisdiction over the defendant. Appellant quotes three sections of the Compiled Laws as controlling. Section 2505: "In this territory there is no common law in any case where the law is declared by the codes." Section 4808. "No statute law or rule is continued in force because it is consistent with the provis-

sions of the code on the same subject; but in all cases provided for by this code all statutes, laws and rules heretofore in force in this territory, whether consistent or not with the provisions of this code, unless expressly continued in force by it, are repealed and abrogated." And Section 5274: "A witness shall not be liable to be sued in a county in which he does not reside by being served with a summons in such county while going, returning, or attending in obedience to a subpœna." If said Section 5274 was intended to cover the whole subject of exemption from the service of civil process during and on account of necessary attendance upon court, the correctness of appellant's conclusions could hardly be avoided; but we do not think it was. It only touches the subject of immunity of witnesses. While it reduced the common law privilege of a witness to a statutory one,, it left that of suitors unregulated. Salhinger v. Adler, 2 Rob. (N. Y.) 704. It must have been within the knowledge of the legislature that some privileges of the same character had almost from time immemorial been accorded by the general law to suitors, attorneys, judges, and other officers in actual and necessary attendance upon court; and although the cases have not been in exact harmony as to what circumstances would justify such immunity, the general principle is well established, and has been declared and applied in cases innumerable. Respondent did not base his motion on the ground simply that he was a witness, but that he was a nonresident suitor, whose rights and interests were then being litigated, and were about to be determined by one of the courts of this state, and that it was essential to the due protection of such rights that he be present at the trial. In a few instances, immunity has been denied to a foreign suitor under such circumstances. Prominent among such cases are Bishop v. Vose, 27 Conn. 1, and the more recent ,case of Baldwin v. Emerson, (R. I.) 15 Atl. Rep. 83. Concerning Bishop v. Vose, *supra*, the supreme court of Indiana, in Wilson v. Donalson, 117 Ind. 361, 20 N. E. Rep. 250, says: "The only case cited by the appellant's counsel, which

directly opposes the opinion which we accept as the correct one, is that of Bishop v. Vose, 27 Conn. 1, and that decision is not supported by authority, nor are any satisfactory reasons assigned for the conclusions of the court.'' Subsequently the United States circuit court for the district of Connecticut refused to apply the rule of Bishop v. Vose in a case where a foreign suitor thus served was the defendant. The reasoning of the opinion, however, is as forceful in respect to one party as the other. It says: ''The inconvenience to which plaintiffs are subjected by being compelled to sue defendants in the state of which they are citizens is not so great as to justify the allowance of obstructions by means of legal proceedings which will preclude nonresident suitors from giving free and unrestricted attention to their cases when they are on trial. * * * The decision is confined to a nonresident defendant because the supreme court of Connecticut held in Bishop v. Vose, 27 Conn. 1, that a nonresident plaintiff was not protected while in attendance upon the trial of his case in this state from the service of a new writ by summons. Sewing Mach. Co. v. Wilson, 51 Conn. 295. A perusal of the cases in which the immunity of a suitor in attendance upon court has been declared discloses the fact that no distiction has generally been made between a plaintiff and a defendant. The reasoning of the courts is as applicable to one as to the other, and the rule of privilege has been applied indiscriminately. *Ex parte* Hurst, 1 Wash. C. C. 186; *In re* Healey, 53 Vt. 694; Matthews v. Tufts, 87 N. Y. 568; Bank v. Ames, (Minn.) 39 N. W. Rep. 308; Henegar v. Spangler, 29 Ga. 217; Thompson's Case, 122 Mass. 428; Small v. Montgomery, 23 Fed. Rep. 707; Mitchell v. Circuit Judge, 53 Mich. 541, 19 N. W. Rep. 176; Palmer v. Rowan. (Neb.) 32 N. W. Rep. 210; Christian v. Williams, 35 Mo. App. 297; Wilson v. Donaldson, *supra*; Andrews v. Lembeck, (Ohio,) 18 N. E. Rep. 483; Parker v. Marco, 136 N. Y. 585, 32 N. E. Rep. 989. The decision of the court below was in accord with the greatly preponderating weight of authority, and it is affirmed. All the judges concur.