## The Veeder Manufacturing Company *vs.* The Marshall-Sanders Company.

First Judicial District, Hartford, March Term, 1906.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

The garnishment of a debt due to a nonresident defendant who does not appear in the suit is in the nature of a proceeding *in rem*, and no service of process upon the defendant is requisite to give the court power to deal with such indebtedness. It is sufficient if the garnishee is duly served (General Statutes, § 880) and such notice given to the nonresident defendant before trial as is prescribed by §§ 602–604.

The indebtedness of the garnishee is regarded for this purpose as having a *situs* at his domicil.

General Statutes, § 828, provides that when the defendant is a nonresident and has " estate " within this State which is attached, a copy of the process and complaint, with the officer's return describing the estate attached, shall be left with the agent or attorney of the defendant in this State, or, for want thereof, with the person who has charge or possession of the estate attached. *Held* that these requirements contemplated a direct levy upon property and did not apply to foreign attachments.

Section 1245 of the Revision of 1888, as amended in 1895, provided that service of process of foreign attachment upon the garnishee should be sufficient notice to a nonresident defendant to enable the plaintiff to bring the action to trial. *Held* that the object of this provision was simply to secure reasonable notice to the defendant of the foreign attachment, so that he might have an opportunity to protect his interests; and that the same provision in substance was found in §§ 603, 604 of the Revision of 1902.

Argued March 6th—decided April 17th, 1906.

Action on contract against a nonresident, brought to the Court of Common Pleas in Hartford County by process of foreign attachment, the garnishee being a citizen of Hartford. By order of court, *Coats, J.*, the cause was stricken from the docket. *Error and cause remanded.*

The original service of process in the action was only by leaving a true and attested copy of the writ with the garnishee. After the return of the writ the court ordered

notice of the pendency of the action to be given to the defendant by registered mail. This was done and the notice was received by the defendant. The garnishee was in fact indebted to it when the garnishment was made. No appearance having been entered by either the defendant or the garnishee, the plaintiff moved for judgment, but the court refused to grant it, and made the order appealed from.

*Arthur L. Shipman* and *Charles Welles Gross*, for the appellant (plaintiff).

*William J. McConville*, for the appellee (defendant).

BALDWIN, J. General Statutes, § 880, provides that where a debt is due from any person to the defendant in any civil action, the plaintiff may insert in his writ a direction to the officer to leave a true and attested copy thereof and of the accompanying complaint, at least twelve days before the session of the court to which it is returnable, with such debtor of the defendant, and that from the time of leaving such copy any debt due from such garnishee to the defendant shall be secured in the hands of such garnishee to pay such judgment as the plaintiff may recover. Other statutes provide that in actions by foreign attachment, if the defendant is not an inhabitant or resident of this State, and neither he nor the garnishee appears, the action shall be continued, postponed, or adjourned, and an order of notice made; but that whenever the court shall find that the defendant has had actual notice of the pendency of the action for at least twelve days, unless special reason be shown for further delay, the cause may be brought to trial. General Statutes, §§ 602, 603, 604.

The defendant in this action was a Massachusetts corporation, having no office, place of business, agent, or general attorney, in this State. All the steps required by these several statutes to make a foreign attachment, and to entitle the plaintiff to a trial, were fully accomplished.

The Court of Common Pleas refused to hear the cause and

erased it from the docket, on the ground that no proper service of the process was originally made, because of the provisions of General Statutes, § 828, that when the defendant is not a resident or inhabitant of this State and has estate within the same which is attached, a copy of the process and complaint, with a return describing the estate attached, shall be left by the officer with the agent or attorney of the defendant in this State, or, for want of one, with him who has charge or possession of the estate attached.

These requirements do not apply to foreign attachments. They contemplate a direct levy upon property; not a notice to a garnishee. While the term "estate" may be used to describe a mere chose in action, the context shows that it is not employed with that signification in § 828.

The garnishment of a debt due to a nonresident is, unless he appears in the action, in the nature of a proceeding *in rem*. A judgment *in personam* may be rendered against him in form, but it imposes no personal obligation. The court acts by virtue of its jurisdiction over the garnishee and its power to compel him to satisfy the execution to the extent of his indebtedness. *Williams Co.* v. *Mairs*, 72 Conn. 430, 434, 44 Atl. 729; *Harris* v. *Balk*, 198 U. S. 215, 222, 25 Sup. Ct. Rep. 625.

That indebtedness is regarded for this purpose as having a *situs* at the domicil of the debtor. *Green* v. *Farmers & Citizens Bank*, 25 Conn. 452, 454; *Hartford & N. H. R. Co.* v. *Andrews*, 36 id. 213.

The service of process made on the garnishee in this cause was neither service on nor notice to the defendant. It is also true that no such service of process upon it was effected by the execution of the order of notice made by the Court of Common Pleas as could compel it to submit to the jurisdiction of the court. But no service of process on the defendant was requisite to give the court power to deal with its claim against the garnishee.

It was provided in the Revision of 1888, § 1245, as amended by chapter 55 of the Public Acts of 1895, p. 471, that "service of the process of foreign attachment on the garnishee

shall be sufficient notice to the defendant, if he be not an inhabitant of this State, to enable the plaintiff to bring the action to trial; *provided*, it shall appear to the court that the defendant has received actual notice that the action is pending, otherwise the court shall order such notice to be given as it may deem reasonable."

This statute did not make service of the process on the garnishee equivalent to or any part of service of the process on the defendant. There was no need of any service on the defendant. None could be made which would bring him under the power of the court. The object of the law was simply to secure reasonable notice to him of the foreign attachment, so that he might have an opportunity to protect his interests in the subject of the attachment. In substance, the same provisions are retained in General Statutes, §§ 603, 604.

There is error, the judgment of the Court of Common Pleas is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.