### LOUIS ELFENBEIN
vs.
### GUSTAV LACHENBACH, ET AL.

Superior Court      New London County        File #10855

Present: Hon. NEWELL JENNINGS, Judge.

A. E. Elfenbein,                      Attorney for the Plaintiff.

Thomas Kelly,                         Attorney for the Defendant.

## MEMORANDUM FILED APRIL 30, 1935.

JENNINGS, J. The defendants jointly signed a note payable to the plaintiff. Personal service was made on Eugene Lachenbach and personal property owned jointly by both was attached. Eugene has been defaulted and the case is before me for a default against Gustav and for judgment on affidavit of debt.

At the hearing, there was some doubt in my mind as to whether General Statutes Section 5501* applied An examination of General Statutes Section 5477† and the cases cited thereunder, Bishop vs. Vose, 27 Conn. 1‡, and Southmayd vs. Backus, 3 Conn. 474§, has satisfied me that judgment may be entered against both defendants in this case. The purpose of General Statutes Section 5501 is to secure notice of the suit to the absent defendant and such cases as Veeder vs. Marshal-Sanders, 79 Conn. 15**, indicate that such notice as is given in this case is sufficient to sustain a judgment against Eugene and the property attached. The question of the validity of the judgment as against Gustav personally is not before me and is not decided.

Judgment may enter for the plaintiff against both defendants as of April 16, 1935 for $1041.30.

* Section 5501 (G.S. 1930). "Every civil action in which the defendant shall be an inhabitant of this state but shall be absent therefrom at the commencement of the suit and shall continue to be absent until after the return day, without having entered any appearance therein, shall be continued or postponed for thirty days by order of the court; and, if the defendant shall not then appear and no special reason be shown for further delay, judgment by default may be rendered against him. If the defendant shall not be an inhabitant or resident of this state at the commencement of the action and shall not appear and answer thereto, the court shall continue or postpone it for a period of three months, and shall direct notice of the pendency of the action to be given to the defendant by publication in some newspaper, or otherwise, as may be deemed expedient; and, if upon the expiration of said three months, the defendant shall not appear and it shall seem probable to the court that he has not received notice of the pendency of the action, the court shall again continue or postpone the cause for a further period of one month; and, if the defendant shall not then appear and no special reason be shown for further delay, judgment may be rendered against him on default; but, when judgment shall be rendered against him on default after such continuances or postponements, execution shall not issue thereon until the plaintiff shall have lodged with the clerk of the court a bond to the adverse party, with one or more sufficient sureties, in double the amount of such judgment, to refund the entire amount thereof or such part of it as the court, upon a writ of error or petition

for a new trial, to be brought within one year after such judgment, shall adjudge that the plaintiff had no right to recover, and no real estate, taken by an execution granted on such judgment by default, shall be aliened or conveyed until the expiration of twelve months from the rendition of such judgment, or until after a decision in favor of the original plaintiff, upon a writ of error or petition for a new trial brought within such year."

† Section 5477 (G.S. 1930). "In actions on joint contracts, the service of any process upon such of the defendants as are inhabitants of this state shall be sufficient notice to maintain the suit against all the defendants."

‡ Bishop vs. Vose, 27 Conn. 1, (1858). "A judgment rendered against all the defendants under the provisions of a statute similar to 5477 (G.S. 1930) is conclusive in the defendant on whom service was made, and holds for the purposes of the execution the property of any of the other defendants that may have been attached in the suit."

§ Southmayd vs. Backus, 3 Conn. 474, (1820). Where A brought an action against B, an inhabitant of this state, and C, an inhabitant of another state, co-partners, on a promisory note, executed by them, in the partnership name; process was served on B only; and A took judgment, by default, at the first term; it was held, that such judgment was not erroneous, the service on B alone, being sufficient to maintain the suit.

** Veder Manufacturing Co. vs. Marshall Sanders Co., 79 Conn. 15, (1906). Service of process of foreign attachment upon the garnishee is sufficient notice to a non-resident defendant to enable the plaintiff to bring the action to trial.