The defendants jointly signed a note payable to the plaintiff. Personal service was made on Eugene Lachenbach and personal property owned jointly by both was attached. Eugene has been defaulted and the case is before me for a default against Gustav and for judgment on affidavit of debt.
At the hearing, there was some doubt in my mind as to whether General Statutes Section 5501* applied. An examination of General Statutes Section 5477[8224] and the cases cited thereunder, Bishop vs. Vose, 27 Conn. 1[8225], and Southmayd vs.Backus, 3 Conn. 474[167], has satisfied me that judgment may be entered against both defendants in this case. The purpose of General Statutes Section 5501 is to secure notice of the suit to the absent defendant and such cases as Veeder vs.Marshal-Sanders, 79 Conn. 15**, indicate that such notice as is given in this case is sufficient to sustain a judgment against Eugene and the property attached. The question of the validity of the judgment as against Gustav personally is not before me and is not decided.
 Judgment may enter for the plaintiff against both defendants as of April 16, 1935 for $1041.30.