GEORGE KAPLAN AND LOUIS KAPLAN
d.b.a. KAPLAN BROTHERS

*vs.*

PLOMB TOOL COMPANY

Superior Court      New Haven County      File No. 14759
(At Waterbury)

■■■

MEMORANDUM FILED MARCH 25, 1943.

*Alfred L. Finkelstein,* of Waterbury, for the Plaintiffs.

*William W. Gager,* of Waterbury, for the Defendant.

■■■

McEVOY, J.   In this action the plaintiffs are residents of the City of Waterbury, State of Connecticut.   The defendant is alleged to be a foreign corporation, having its office and principal place of business in the City and County of San Francisco, State of California.

The original writ contained a statement that another Waterbury concern is a debtor of the defendant and the writ contained a mandate to the sheriff to attach claimed goods or estate of the defendant then in the hands of the Waterbury concern.

The return on the writ shows that the deputy sheriff, who had the process for service, complied with the mandate of the writ and that he did garnishee the property of the defendant in the hands of the local company.

Thereafter, as is characteristic of garnishee proceedings in Connecticut, tenuous proceedings were had which involved:

1. Entry of special appearance for the defendant.

2. Plea to the jurisdiction, filed by the defendant.

3. Demurrer to the plea to the jurisdiction, which demurrer was filed by plaintiff.

4. Briefs in support of the plea and of the demurrer.

The demurrer to the plea to the jurisdiction was sustained under the authority of *Veeder Mfg. Co. vs. Marshall-Sanders Co.,* 79 Conn. 15.

Thereafter, after the lapse of sufficient time, the plaintiffs filed a motion for judgment by default, which reads as follows:

"The plaintiffs respectfully represent:

"1. That the instant action was returned to this Court on the first Tuesday of February, 1943.

"2. That no appearance has been entered for the defendant other than an instrument dated February 1, 1943, directed to the Clerk of the Superior Court, Waterbury, Connecticut, as follows:

" 'In the above entitled action please enter my special appearance for the defendant, Plomb Tool Company, such special appearance being entered solely for the purpose of disputing the jurisdiction of this Court both over the person of said defendant generally, and over the person of said defendant to render judgment as prayed for, not hereby submitting to the jurisdiction of this court.

WM. W. GAGER
Specially appearing for
Plomb Tool Company.'

"3. That subsequent to said special appearance, the defendant filed a Plea to the Jurisdiction, to which plea the plaintiffs' demurrer was sustained by this Court.

"4. That no general appearance or any appearance other than the one quoted above has been entered for the defendant.

"WHEREFORE, the plaintiffs respectfully move that judgment by default be entered in their behalf."

On the day following the filing of the motion for judgment by default, the defendant, appearing specially, and acting specially and not generally, filed its motion for more specific statement and also its motion for oyer and order thereon.

An order upon the motion for oyer was entered by the clerk, in accordance with the rule, as he had no option to do otherwise.

The whole matter is now brought before the court on the motion for judgment by default, except that, subsequent to the filing of the above-named motions, the plaintiffs filed a motion "to revoke or suspend the order for oyer."

Upon the argument upon the motion for judgment by default the attorneys for these litigants, one appearing generally for the plaintiffs, and the other appearing specially for the defendant, were in substantial agreement that the question to be decided upon this motion is as follows: "May a nonresident defendant, without submitting itself to the jurisdiction of the court, file the necessary pleadings and take the necessary steps to protect its interests in funds garnisheed in this jurisdiction?"

"These defendants were nonresidents, they entered a special appearance, and they were compelled to plead and go to trial, or suffer a default. They pleaded and went to trial, expressly denying the jurisdiction of the court and refusing to waive any right to contest the jurisdiction.

"It would be unjust to make their right of appeal for want of jurisdiction, conditioned upon their submission to a judgment by default, when they had done all they could to protect their rights. The rule differs in different jurisdictions. In some the rule adopted by the trial court prevails; in the great majority it is held that one who after the overruling of his plea to the jurisdiction pleads under protest to the merits, under penalty of default, cannot be said to act voluntarily and does not waive his right to thereafter contest the jurisdiction. And this rule we adopt." *Coyne vs. Plume,* 90 Conn. 293, 296. In that case the defendants were nonresidents.

"When Plume and Willard [the nonresident defendants] pleaded in abatement to the jurisdiction of the court they appeared specially. When the plaintiff's demurrer to their plea was sustained, they, not waiving their rights, and within the time limited by an order of court, filed a demurrer to the complaint, and, upon its being overruled, answered over and went to trial." Id. 295.

It would seem to be more consistent with our practice and

procedure that the nonresident defendants be permitted to appear specially; to retain their special appearance, as of record; to, make and continue to reserve all of their objections to the jurisdiction, without waiver of any of these claimed rights; that they be not required to withdraw the special appearance and to enter a general appearance and that, notwithstanding the mere entry of the special appearance, that they still be permitted to file the necessary pleadings and to contest the whole matter on the merits and to have the matter of the jurisdiction of the court ultimately decided, by the appellant, notwithstanding the anomalous nature of the theory of thus proceeding. *Surveyors, Inc! vs. Berger Brothers Co.,* 9 Conn. Sup. 275.

"If he appears generally, he can take advantage of the defect by appeal or writ of error. . . .or he can appear or answer to the proceedings solely for the purpose of opposing them, without waiving his rights. . . .But a lack of jurisdiction over the person may be waived and is waived by a general appearance in the action." *Foley vs. Douglas & Bro., Inc.,* 121 Conn. 377, 380.

It would seem to be more consistent with orderly procedure, and with the preservation of their non-waiver of rights, for the objecting litigant to enter a special appearance and to stand upon it all through the proceeding.

The objection to this anomalous sort of procedure is that the specially appearing litigant is acting in an inconsistent manner because, on the one hand, he says that the court has no jurisdiction over him, and on the other hand he, ostensibly at least, submits to the jurisdiction by tendering issues, by way of pleadings, as a basis for an adjudication of the claimed merits of the case.

If the defendant forfeits his special appearance and enters a general appearance, even though he undertakes to preserve his claimed rights by way of a qualifying statement to the general appearance, it would seem that he may invite disaster to his cause.

If he stands upon his special appearance he waives nothing. It may be that he gains something by filing pleadings and contesting the merits in reliance upon his special appearance.

However that may be, he yields nothing and claims all and, since the question of jurisdiction may, and ought to be,

raised at any time during the proceedings, even for the first time in the Supreme Court of Errors, the opposing party is not misled by the reliance of the nonresident defendant upon his special appearance and upon the action of the nonresident defendant in contesting the merits.

In the instant case it has not yet been decided by our Supreme Court whether or not this court has jurisdiction of the parties. It seems to be conceded that the court has jurisdiction of the *res* and it does not seem to be claimed that this court, as yet, has any jurisdiction over the parties.

"It is contended that because the defendant, after the entry of the order of the Superior Court to the effect that he could not appear specially but must submit to the jurisdiction generally if he desired to make any contest, answered generally attempting to continue his special appearance and also filed cross interrogatories for the taking of a deposition without questioning the jurisdiction, he has waived his special appearance and has in fact submitted himself generally to the jurisdiction of the court. But this contention cannot be supported. After having raised the point seasonably, he did not waive it by proceeding in accordance with the rulings of the court, which until reversed were the law of the trial." *Cheshire National Bank vs. Jaynes,* 224 Mass. 14, 19, 112 N.E. 500, 502.

The motion for judgment by default is denied.

As to the motion to revoke or suspend order for oyer, it should be observed that section 124 of the Practice Book (1934), page 51, provides that: "Whenever an express agreement is alleged as a ground of action or defense, the adverse party shall be entitled to an order, to be entered by the clerk upon written motion as of course. . . . "

Respecting this, it should be observed that the statute is mandatory in two respects. It provides, in the first place, that "the adverse party shall be entitled to an order." In the second place it provides that the order shall be "entered by the clerk upon written motion *as of course."* This leaves the clerk no alternative.

In view of the ruling upon the motion for judgment by default which, in effect, would permit the nonresident defendant to pursue his right to be heard, upon a special ap-

pearance, the order for oyer would be a normal part of the record.

If the ruling upon the motion for judgment by default is correct then, ultimately, obedience to the order for oyer would be required.

If, ultimately, it should appear that the ruling of the trial court upon the motion for default is erroneous then that would involve, incidentally if not primarily, the determination of the jurisdiction of the court, and, if that be decided in favor of the defendant, then the entry of the order for oyer would be harmless to the nonresident, specially appearing, defendant.

The motion to revoke or suspend the order for oyer is denied.