[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 29, 1996
This is an action for the repayment of a debt brought by the plaintiff, Electric Boat Corporation, against the defendant, Jeffrey J. Cooke. The defendant filed an appearance on February 22, 1996, and thereafter filed a timely motion to dismiss the plaintiffs action on March 21, 1996.
The defendant is a named plaintiff in an action presently pending in the United States District Court for the District of Connecticut concerning wages he is allegedly owed by the plaintiff, Jeffery Cooke et al. v.General Dynamics Corporation Electric Boat Division,
C.A. No. 3:95CV31(ATW), the "federal case." The defendant avers in his affidavit that he has been a resident of New Jersey since August, 1994, that he came into Connecticut on January 18 1991, solely because the plaintiff called him to testify at his deposition in the federal case by issuing a formal notice of deposition to his attorneys and that he was served with process commencing the present action at the time CT Page 5115-AA and place set forth for his deposition.
The defendant now moves to dismiss the plaintiffs complaint on grounds of insufficiency of process or, alternatively, on the basis of the prior pending action doctrine.
A motion to dismiss "attacks the jurisdiction of the court, essentially asserting the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original: internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 514 (1991). There are three separate elements of the jurisdiction of a court: jurisdiction over the person, jurisdiction over the subject matter, and jurisdiction to render a particular judgment. Castro v.Viera, 207 Conn. 420, 433 (1988). Subject matter jurisdiction is the power of the court to hear and decide cases of the general class to which the proceedings in question belong. Gurliacci v. Mayer, supra,218 Conn. 542. "[E]very presumption is to be indulged in favor of jurisdiction." Id. at 543. Personal jurisdiction is the power of the court to subject an individual to a judgment in personam, a judgment which effects one's personal rights. Standard Tallow Corporation v.Jowdy, 190 Conn. 48, 51-52 (1983). A defendant has up to thirty days from the time the defendant files an appearance in which to file the motion. Concept AssociatesLtd. v. Board of Tax Review, 229 Conn. 618, 625
(1994).
I. PRIOR PENDING ACTION DOCTRINE.
The defendant argues that the plaintiff's action should be dismissed under the prior pending action doctrine. The defendant contends that the plaintiff already has the opportunity to pursue its claim as a set-off in the federal case and that allowing the plaintiff to relitigate the relevant issues before this court would be duplicative and vexatious.
The plaintiff argues that joinder of claims is permissive and not mandatory under Fed.R.Civ.P. 18(a). Therefore, the plaintiff maintains that is not required to assert the present claim as a set-off in the federal CT Page 5115-BB case, nor is it prohibited from seeking redress for its claims before this court.
"It has long been the rule that when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court. The prior pending action doctrine has evolved as a rule of justice and equity and retains its vitality in this state, in which joinder of claims is permissive rather than mandatory." (Citations omitted, internal quotation marks omitted.) Halpern v. Boardof Education, 196 Conn. 647, 652-53 (1985). "[T]he prior pending action rule does not truly implicate the subject matter jurisdiction of the court. Any claim that the pendency of a prior suit between the same parties for the same thing, will abate the latter suit formerly could be raised by a plea in abatement. The plea in abatement has, however, since been replaced by the motion to dismiss." (Citations omitted; internal quotation marks omitted.) Id., 652 n. 4.
The present case concerns the defendant's alleged failure to completely repay $23,100.00 in advances made to him by the plaintiff for business expenses between July 25, 1989, and July 11, 1991. The federal suit brought by the defendant, however, concerns the plaintiffs alleged failure to pay the defendant and other named plaintiffs an estimated $12,000.00 each in overtime pay during the period of June 1992, through June 1994. Except that the plaintiff and defendant are parties to both suits, the cases are completely unrelated.
Accordingly, the prior pending action doctrine is inapplicable to the present case.
II. INSUFFICIENCY OF PROCESS.
Insufficiency of service of process challenges the jurisdiction of the court based on a failure to serve the writ and or summons upon the person or entity or in the manner required by rule or statute. Board of Educationv. Local 1282, 31 Conn. App. 629, 632-33 (1993). The defendant argues that this court is without jurisdiction because process in the present action was improperly served upon him. The defendant maintains that he was CT Page 5115-CC immune from service while within this state responding to the deposition noticed by the plaintiff in the federal case, because he was not within this state voluntarily.
The plaintiff argues that the defendant was not immune from service. The plaintiff maintains that as a party plaintiff in the federal case the defendant is deemed to be within this state voluntarily for purposes related to the prosecution of that action.
The parties rely principally on the cases of Bishop v.Vose, 27 Conn. 1 (1858), and Wilson Sewing Machine Co.v. Wilson, 51 Conn. 595 (1884).[1] Both of these cases turn primarily on the issue of whether the nonresident party voluntarily appeared within this state.
In Bishop, the defendants, all nonresidents, had been served with process while present in Connecticut solely for the purpose of appearing as witnesses in a case in which they were the named plaintiffs. The defendants moved to dismiss the action on the grounds that they were immune from service of process while in Connecticut for purposes appearing as witnesses in their case. The court, denying the defendant's motion, stated at page 12:
 From the first it has been the law, both common law and statute law, that a foreign citizen, if found here, whether here on business or pleasure or hastening through the state with railroad speed, is liable to be sued like any other person and is not entitled to any personal or peculiar immunity. And we are at a loss to discover why our citizens should be obliged to go into a foreign jurisdiction in pursuit of their debtors, when those debtors are here and can be sued here and can receive here that consideration which is meted out to all indiscriminately.
The court further stated at page 13:
 It is said that at all events, however, the law may be as to a party, a witness from abroad stands on a different ground, and that he certainly ought not to be liable to be sued here while in attendance on our courts as a witness. Perhaps this is so. We are CT Page 5115-DD not prepared to say it is not, since a witness may be said not voluntarily to put himself under our jurisdiction like a party. Distinguished judges have thought there was a difference and a material difference in this respect, that foreign witnesses ought to be encouraged to come and testify in person, and therefore should be protected from all jurisdictional process of a civil nature, while this is not necessarily as to parties, who are not here except from pure choice, whether they be plaintiffs or defendants.
(Emphasis added.) Id., 13.
In Wilson, the defendant, a resident of Illinois, was a named defendant in an action pending in this state and was attending the trial of that action as a necessary witness in his own defense at the time the plaintiff served him with process. The defendant sought to dismiss the action on the grounds that, as a nonresident defendant, he was immune from service of process while within this state for purposes of appearing as a witness in the case against him. The court, in granting the defendant's motion, stated at pages 597-98:
 Upon principle, the answer should be in the affirmative. It is important to the administration of justice that each party to a suit should have a free and untrammeled opportunity to present his case, and that nonresident defendants should not be deterred, by the fear of being harassed or burdened with new suits in a foreign state, from presenting themselves in such state to testify in their own behalf or to defend their property . . . Public policy requires that the entrance of such suitors to the court room shall not be impeded.
. . .
 The decision is confined to the case of a nonresident defendant, because the Supreme Court of Connecticut held, in Bishop v. Vose, 27 Conn. 1, that a nonresident plaintiff was not protected while in attendance upon the trial of his case in this state from the service of a new writ by summons. There is, perhaps, a reason why a plaintiff who has voluntarilyCT Page 5115-EE sought the aid and protection of our courts should not shrink from being subject to their control,
which does not apply in the case of a defendant whose attendance is compulsory; . . .
(Emphasis added.)
Therefore, Bishop and Wilson turn on the issue of whether the person claiming immunity from service of process can be said to have voluntarily come to Connecticut and submitted to the jurisdiction of the courts of this state. In the present case, the defendant neither came to Connecticut voluntarily nor did he voluntarily submit himself to the jurisdiction of the courts of this state as that term is used in Bishop. Cf. Jakaboski v.Jakaboski, Superior Court, judicial district of Middlesex, Docket No. 07 44 60 (March 7, 1995) (Arena, J.,
13 CONN.L.RPTR. 580) (no immunity where nonresident petitioner commenced action in Connecticut probate court and appeared voluntarily to testify therein.).
In the present case, the defendant is a resident of New Jersey and came to Connecticut only in response to the deposition noticed by the plaintiff pursuant to Federal Rules of Civil Procedure 26 and 30. If a party fails to appear for a deposition after receiving proper notice, "the court shall require the party failing to act or the attorney advising the party or both to pay the reasonable expenses, including attorneys fees, caused by the failure . . ." Fed.R.Civ.P. 37(d). Accordingly, the defendant in the present case was not in Connecticut voluntarily on the date he was served with process in the present case, but was compelled to be here by virtue of the deposition noticed by the plaintiff.
Further support for the proposition that a defendant's appearance within the jurisdiction of our courts must be of the defendant's own volition can be found in the expressions of our Supreme Court nearly 168 years ago in Hill v. Goodrich, 32 Conn. 588 (1858). In Hill, the court held that the defendant was not subject to the jurisdiction of the courts of this state where he was induced here fraudulently by plaintiff and would not otherwise have come to Connecticut at that time. CT Page 5115-FF
The plaintiff contends, however, that under Bishop,
by availing himself of the rights and privileges of the State of Connecticut in bringing an action in the State, the defendant cannot escape new service of process in respect to other claims against him while he is in Connecticut for purposes of prosecuting his action. In other words, the plaintiff argues that the defendant should not be allowed to avoid service while within Connecticut himself invoking the jurisdiction of the courts of this state.
The plaintiffs argument is misplaced. Our nation is founded on the principle that the federal government and the individual state governments are considered to be separate and distinct sovereigns. County ofLane v. Oregon, 74 U.S. (7 Wall.) 71, 76 19 L.Ed. 101
(1869). In fact, each sovereign governs its court system with a different set of rules and procedures that must be followed by litigants, the Federal Rules of Civil Procedure for persons before the federal courts and the rules set forth in the Connecticut Practice Book for persons before courts of this state.
In Gregory v. Ashcroft, 501 U.S. 452, 457,111 S.Ct. 2395, 115 L.Ed.2d 410 (1991), the United States Supreme Court stated:
 Over 120 years ago, the Court described the constitutional scheme of dual sovereigns:
 [T]he people of each State compose a State, having its own government, and endowed with all the functions essential to separate and independent existence, . . . [W]ithout the States in union, there could be no such political body as the United States. Not only, therefore, can there be no loss of separate and independent autonomy to the States, through their union under the Constitution, but it may be not unreasonably said that the preservation of the States, and the maintenance of their governments, are as much within the design and care of the Constitution as the preservation of the Union and the maintenance of the National government. The Constitution, CT Page 5115-GG in all its provisions, looks to an indestructible Union, composed of indestructible States.
(Alterations in original; emphasis added, internal quotation marks omitted.) Therefore, the defendant in the present case did not avail himself of any of the rights and privileges of the courts of this state by commencing an action in the United States District Court for the District of Connecticut.
In conclusion, the present case is distinguishable from Bishop. Since the defendant was compelled to appear in Connecticut under the threat of sanctions at the time he was served with process, the reasoning of Wilson is more applicable and the defendant was immune from service while in Connecticut for purposes of having his deposition taken in the federal case. Further, this reasoning is also in line with the general principle of law that developed in the federal courts that parties may not be hailed into court unless they in some way voluntarily bring themselves within the court's jurisdiction. E.g., Pennoyer v. Neff, 95 U.S. 714,725, 729 24 L.Ed. 565 (1878).
Therefore, the defendant in the present case was immune from service of process.
III. CONCLUSION
For the reasons stated above, the defendant's motion to dismiss is granted.
HENDEL, J.