WADE B. DAVIS v. HENRI MEGROZ, LOUIS MEGROZ, HENRI PORTIER, JULIUS C. SCHLACHTER AND HERMAN LEEMAN, PARTNERS IN TRADE IN THE NAME AND STYLE OF MEGROZ, PORTIER, SCHLACHTER & CO.

1. A judgment for the plaintiff in an attachment suit, where the defendant appeared without giving bond, has a twofold effect—(1) The property, real and personal, attached, may be sold to satisfy the judgment, and (2) the judgment recovered after an appearance has the force and effect of a judgment *in personam.*

2. An assignment by one partner of all his interest in the copartnership, for the benefit of his creditors, is *ipso facto* a dissolution of the firm, where the partnership is for an indefinite term and capable of dissolution at will.

3. Where the partnership is for a definite term, an assignment by one partner of all his interest in the partnership, before the expiration of the term for which the partnership was formed, may be a cause for a dissolution and an accounting at the instance of the assignee, and may be treated by the other partners as *ipso facto* a dissolution.

4. If the articles of partnership do not provide for the manner in which the affairs of the partnership shall be wound up on dissolution, the partnership will continue, with all its incidents of interest, powers and obligations, so far as is necessary for the purpose of winding up the concerns of the partnership, and no further.

5. In suits brought against the partnership after the dissolution, one partner may appear and defend against a partnership liability ; but he has no implied authority to enter an appearance for his copartners, so as to render the judgment binding upon his copartners personally, where they are not served with process.

6. By the act concerning obligations (*Rev., p.* 741) one joint debtor served with process is required to answer to the suit; and if judgment pass therein for the plaintiff the statute gives effect to the judgment and execution thereon against the defendant served with process, and also against the other joint debtors named in the process, the same as if all had been served with process; but it does not authorize a joint debtor served with process to appear to the suit in the name of the other defendants.

7. In an action against partners, commenced by attachment, one partner may appear in his own name and contest the partnership liability. An appearance by or in the name of all the partners is not necessary to that end.

In attachment.

On motion to expunge from the record an appearance entered by one of the defendants in behalf of the other defendants.

Argued at February Term, 1893, before Justices DEPUE, LIPPINCOTT and ABBETT.

For Julius C. Schlachter, *Joseph A. McCreary.*

For Henri Megroz and Louis Megroz, *Guild & Lum* and *John R. Hardin.*

For the plaintiff, *Talcott & Meyer.*

For an applying creditor, *William A. Lewis.*

For Herman Leeman, *George E. Conkling.*

The opinion of the court was delivered by

DEPUE, J.   A writ of attachment issued out of this court October 22d, 1892, and directed to the sheriff of the county of Morris, was executed by attaching real and personal property at Stirling.

The affidavit on which the writ issued set out a debt due the plaintiff in the sum of $48,019, from the defendants, as partners, under the firm name of Megroz, Portier, Schlachter & Co.   The property attached was appraised at $122,000.

On the 4th of November, 1892, George E. Conkling, an attorney of this court, entered an appearance in the attachment suit in behalf of all the defendants.   Application is made by Schlachter and by Henri Megroz and Louis Megroz to expunge from the record the appearance of Conkling in their names.   Although the appearance purports to be for all the defendants, Mr. Conkling styles himself as attorney for Herman Leeman.   He was retained by Leeman, and it is admitted that he had no authority from the other parties to use their names.

The Attachment act provides that where a defendant in a suit commenced by attachment enters an appearance without

giving bond for the return of the personal property attached, the suit shall proceed in all respects as if commenced by summons, the lien of the attachment continuing. *Rev., p.* 48, § 38. A judgment recovered by the plaintiff in a suit commenced by attachment, where the defendant appears to the suit without giving bond, has a twofold effect—*first,* the property, personal as well as real, seized and taken under the attachment, may be sold to satisfy the judgment; and, *secondly,* a judgment recovered after such appearance has the force and effect of a judgment *in personam.* Without an appearance by the defendant the attachment proceedings are strictly *in rem,* and the judgment is available only against the property attached. *Thompson* v. *Eastburn,* 1 *Harr.* 100; *Miller* v. *Dungan,* 7 *Vroom* 21.

The facts that gave rise to this controversy are somewhat complicated. The firm of Megroz, Portier & Co., composed of Louis Megroz, Henri Megroz, Henri Portier, Herman Leeman and Mrs. Gabriette Portier, was engaged in the business of importing and selling domestic goods. Their principal house was in Paris, and the firm had branch houses in Lyons, Roubaix, Berlin, Zurich, Vienna, Trieste and New York. The business in the city of New York was carried on in the firm name of Megroz, Portier, Schlachter & Co. The latter firm was composed of the persons who were the members of the Paris firm, with the addition of Schlachter. Leeman was a member of both firms. Schlachter was a member of the New York firm only. Schlachter resides in Brooklyn, the other members of the New York firm reside in Paris.

The New York firm was established by articles of copartnership, dated August 22d, 1890, for the transaction of a wholesale commercial and commission business in New York, in the name of Megroz, Portier, Schlachter & Co., to be under the management of Schlachter. The firm was to continue from July 1st, 1890, to July 1st, 1896. In the articles of partnership the Paris firm of Megroz, Portier & Co. is described as the party of the one part and Julius C. Schlachter of the other part. Of the capital of the New York firm

$400,000 were to be furnished by the Paris firm and $200,000 by Schlachter.

The Paris firm was established by articles of partnership, forming a partnership to continue from April 1st, 1890, to July 1st, 1896. The business for which the Paris firm was established was designated as a wholesale silk business in Paris, with branches in the cities already named, including the city of New York.

In July, 1891, the Paris house became embarrassed, and, by articles of dissolution, dated July 20th, 1891, the firm was dissolved by mutual consent, and two of its members—Henri Portier and Herman Leeman—and M. La Pierre, one of its employes, were made liquidators, with a view to a settlement with their creditors. The articles of dissolution expressly mentioned the interest of the Paris firm in the New York branch, and transferred that interest, with the other assets of the firm, to the three persons named as liquidators. The liquidators formed a special liquidating firm under the name of La Pierre & Co., and the assets of Megroz, Portier & Co. were passed over to the liquidating firm with the consent of creditors, and the firm of Megroz, Portier & Co. ceased business. The contention is that the assignment of the Paris firm operated to dissolve the New York firm.

It has been held that an assignment by one partner of all his interest in the copartnership for the benefit of his creditors, like an adjudication in bankruptcy, is *ipso facto* a dissolution of the firm, whether the partnership be at will or for a definite term. *Marquand* v. *N. Y. Man. Co.*, 17 *Johns.* 525, 529, 535; *Lind. Part.* 583. The principle on which this doctrine rests is, on the one hand, that new partners cannot be introduced into the firm without the consent of all the other partners; and, on the other hand, that the creditors of the partner taking his property by assignment cannot be involved against their consent in the responsibility of the continuance of the partnership business. This doctrine is firmly established, where the partnership is for an indefinite term, but it has not been received without dissent where the partnership is for a

definite term.  Under such a contract the withdrawal of capital contributed by one member of the firm would be a violation of the contract of partnership, and might prejudice the interests of other members of the firm.  Under such an arrangement it has been held that an assignment by one partner of his interest in the partnership property is a cause for dissolution (it may be on equitable terms), and an accounting, on the application of the assignee, and is *ipso facto* a dissolution of the partnership at the option of the other partners.  See *Lind. Part.* 363, 364, 583, 584; *Story Part.* (*7th ed.*), § 308, *note* 1.  We think that Schlachter, as the only member of the New York firm not a party to the assignment, had a right to treat the assignment as a dissolution of that firm.  The question arises, then, as to the effect of the dissolution of a partnership upon the powers and responsibilities of the partners *inter sese.*

The dissolution of a partnership terminates the capacity of the individual partners to continue the firm business with the partnership property and assets, and to incur debts in the firm name.  But the partnership property will remain to be disposed of and its assets to be collected, and partnership debts must be paid.  Suits for the recovery of partnership property and for the collection of its choses in action must be prosecuted in the firm name, and suits by its creditors for the collection of debts due by the firm must be brought against the partners in their individual names as partners.  It is a general rule that actions by and against the firm continue to be what they would have been before the dissolution.  The names of all the partners must be used in an action brought for a debt due to the firm, and if a debt owed by the firm is sued for, all the partners may be and must be made defendants, unless, by the articles of dissolution, the omitted partners are expressly discharged from firm debts.  *Pars. Part.* 398.  Notwithstanding the dissolution of the partnership, the firm continues to exist for all purposes necessary for winding up its affairs; otherwise, as was said by Lord Justice Turner, it would be necessary to apply for a receiver in every case upon the dis-

solution of a partnership. *Butchart* v. *Dresser*, 4 *De G.*, *M. & G.* 542, 544. If partners have not provided for the manner in which the affairs of the partnership shall be wound up the law provides therefor by continuing the partnership, with its incidents of interest, powers and obligation, for the purpose of winding up the concerns of the partnership so far as is necessary to that end, and no further. *Pars. Part.* 420.

It follows from what has been said that in suits brought against the partnership in the course of winding up its affairs, one partner possesses authority as a partner to appear and defend against a partnership liability. In *Hall* v. *Lanning*, 91 *U. S.* 160, the Supreme Court of the United States decided that after the dissolution of the partnership, one partner has no *i*mplied authority to cause the appearance of his copartners to be entered in a suit brought after the dissolution, and thereby give effect to a judgment against his copartners personally. In delivering the judgment of the court, Mr. Justice Bradley said : " If a suit be brought against all the partners, and only one of them is served with process, he may undoubtedly, in his own defence, show, if he can, that the firm is not liable, and to this end defend the suit. But to hold that the other partners, or persons charged as such, who have not been served with process, will be bound by the judgment in such a case, which shall conclude them as well on the question whether they were partners or not when the debt was incurred as on that of the validity of the debt, would, as it seems to us, be carrying the power of a partner, after a dissolution of the partnership, to an unnecessary and unreasonable extent." In the case in which this decision was made the suit was upon a judgment recovered in another state, in which the record showed an appearance entered and a plea filed by both defendants. The court held that it was competent for the defendant, who was not served with process in the original suit, to show that the appearance was without his authority, and in that way relieve himself from the conclusiveness of the judgment.

In *Phelps* v. *Brewer,* 9 *Cush.* 390, the Supreme Court of Massachusetts held that an appearance for both defendants by an attorney who was employed by the partner who alone was served with process, was an appearance for the partners as partners, for the purpose of defending the action against the partnership, and not an appearance for the partners severally and personally so as to render the judgment binding in another jurisdiction upon an individual partner who was not served with process, and did not authorize an appearance for him. The principle on which this decision was rested was that one partner had no implied authority to enter an appearance in such a suit except for the partnership, and could not by such appearance bind a copartner personally and individually who was not within the jurisdiction and was not served with process. The court applied this principle to suits prosecuted during the continuance of the partnership. Whether the partnership had or had not been dissolved was regarded as unimportant—the court, being of opinion that the power of one partner to appear for his copartner did not exist even pending the partnership, did not find it necessary to consider the effect of a dissolution. In this respect the decision of the Massachusetts court went further than that of the federal court in Hall v. Lanning. We are not at this time called upon to intimate any opinion as to the effect of service of process on one partner, during the continuance of the partnership, upon the rights of copartners individually; nor is the power of one partner to enter an appearance for himself and his copartners, in suits brought during the partnership, under discussion.

Hall v. Lanning and Phelps v. Brewer were decided in suits upon judgments recovered in another jurisdiction. It is well settled that a judgment recovered in one state against a person domiciled elsewhere, who has not been served with process or appeared to the suit, is extra-territorially of no force against him personally. It is also equally well settled that a state may provide by statute for constructive service of process, and that a judgment recovered under such service will

be binding and conclusive upon persons or property within the jurisdiction of the state. The only legislation we have upon this subject is the act concerning obligations. This act provides that all persons jointly indebted upon any joint contract, obligation, &c., for which a remedy might be had at law against such debtor, in case all were taken by process out of any court of this state, shall be answerable to their creditors separately for such debts; that is to say, such creditor may issue process against such joint debtors; and in case any such joint debtors shall be taken and brought into court, such of them so taken and brought into court shall answer to the plaintiff; and if judgment shall pass for the plaintiff, he shall have judgment and execution against such of them so brought into court, and against the other joint debtor or debtors named in the process, in the same manner as if they had been all taken and brought into court by such process. *Rev., p.* 741, § 2. This statute is the only legislation in this state that authorizes one defendant to represent his codefendants; and it will be observed that this act does not authorize the defendant served with process to appear to the suit in the name of his codefendants. The procedure prescribed by the act is that the defendant brought in is to answer to the suit; and if, on his failure to answer, or upon a trial upon the merits, judgment shall pass for the plaintiff, then the statute comes in and gives effect to the judgment and the execution thereon against the defendant brought in, and also against the other joint debtors named in the process, the same as if all had been taken and brought into court by such process. A judgment recovered in virtue of this statute against a defendant not served with process, would be a nullity as against him in a suit brought on the judgment in a foreign jurisdiction; and such a defendant would be allowed in the courts of this state, to show in avoidance of the judgment, that he was not a joint debtor, and consequently the judgment as to him was not authorized by the statute. *Harker* v. *Brink,* 4 *Zab.* 333, 350; *Fleming* v. *Freese,* 2 *Dutcher* 263, 266. But when a defendant, sued as a joint debtor and not served with process, sub-

mits himself to the jurisdiction of the court by a voluntary appearance, the judgment will be binding and conclusive upon him in every respect, not only within the jurisdiction of this state, but also in other jurisdictions. *Shields* v. *Thomas*, 18 *How.* 253.

Nor is an appearance by or in the names of all the partners sued as joint debtors necessary to enable one partner to contest the partnership liability. A partner sued with his copartners as joint debtors may appear in his own name and traverse the joint liability of the defendants; and if process has been served upon one of the defendants only, the plaintiff will not be entitled to recover unless the proof establishes the joint liability of all. *Fleming* v. *Freese*, 2 *Dutcher* 263, 266, 268.

These rules of practice and procedure are not superseded in suits commenced by attachment. The attachment suit is transformed into a suit begun by summons by the defendant's appearance to the action. An appearance in manner and form such as would be regarded as an appearance to a suit instituted by summons served on one of the defendants, is all that is necessary to transform the attachment proceedings into a suit commenced by summons.

Neither the attachment act nor the act concerning obligations authorizes an appearance by one joint debtor in the name of his codefendants; consequently, the appearance entered by Mr. Conkling as attorney of Leeman, on behalf of Henry Megroz, Louis Megroz and Julius C. Schlachter, was without warrant of law. The appearance should have been in the name of Leeman, sued with the other parties as partners, &c., leaving any judgment that might be recovered by the plaintiff to have the effect it would by law otherwise have.

The appearance may be amended in this respect. Schlachter and Henri and Louis Megroz are entitled to the costs on these motions. An order of amendment applied for within twenty days will be granted on payment of these costs. The plaintiff in the attachment suit and the applying creditor are not entitled to costs.