## J. W. Thompson v. Rinah A. Wells.

1. ATTACHMENT—*Shares of Stock Liable.*—Shares of stock in an incorporated company, which are liable to be taken on execution, are subject to be taken also on attachment.

2. SHERIFF'S RETURN—*Certificate of Stock.*—The statute does not make it the duty of the sheriff to return the certificate required under Sec. 55, Ch. 77, R. S., of the officer of the corporation, who is the keeper of the record or accounts of the shares or interest of the stockholders, along with his return of the manner in which he executed the writ.

3. CORPORATIONS—*To Make Statement, etc., to Sheriff.*—It is the object of Section 55, Ch. 77, R. S., to require the official having charge of the records of a corporation, against which process is issued, to disclose the shares or interests of stockholders in the corporation in order to enable the sheriff to intelligently levy his writ, such shares and interests being subject to attachment and execution.

**Memorandum.—Attachment.** Appeal from the Superior Court of Cook County; the Hon. Jonas Hutchinson, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

Milton I. Beck and Jones, Samuels & Culver, attorneys for appellant.

Oliver & Showalter, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

The appellee began a suit in attachment against the Nettleton Hardwood Manufacturing Company, a Mississippi corporation, and the writ of attachment was issued against said corporation, and the Lesh & Matthews Lumber Company was summoned as a garnishee.

The sheriff's return on the attachment writ was as follows:

" Executed the within writ by levying on stock belonging to the defendant, Nettleton Hardwood Manufacturing Company, a corporation, by delivering a copy of this writ to L. B. Lesh, secretary and treasurer of said corporation, he having the custody of its books (no clerk or cashier being found in my county), the said stock being seventy shares; certificates No. 11, twenty shares; No. 12, twenty shares; No. 13, ten shares; No. 54, ten shares, and No. 55, ten shares, in the name of Nettleton Hardwood Manufacturing Company, as certified to me by L. B. Lesh, secretary and treasurer of said corporation, this 6th day of April, 1892; said copy so delivered to said Lesh having been indorsed by me with my certificate written thereon in the words following:

I hereby certify that the within and foregoing is a copy of an attachment writ now in my hands, issued out of the Superior Court of Cook County, Illinois, and bearing even date herewith.

James H. Gilbert, Sheriff.
By F. Leibrandt, Deputy.

Chicago, April 6, 1892."

On May 26, 1892, final judgment for $7,000 went by default against said Nettleton Hardwood Manufacturing Company, with special execution ordered against said stock.

Subsequent to the levy of the attachment writ, and before judgment against the principal defendant, the appellant, J. W. Thompson, who was the president of the defendant corporation, interpleaded in said suit and claimed as his own property the seventy shares of stock so attached, and to that interpleader a replication was filed, and the issue so formed, as to whether the appellant was personally the owner of the stock attached, instead of the Nettleton company, was by agreement submitted to the court without a jury, and was found in favor of the appellee and against the appellant.

Counsel for appellant, in their brief, say : "For the sake of brevity we prefer to submit the case upon the single question above indicated, rather than to trouble the court with the consideration of the voluminous testimony."

The "single question" referred to, is stated by counsel as follows : "Our contention is, under section 55 of chapter 77 of the Revised Statutes, that the sheriff should return the certificate of the number of shares or amount of the interest held by the judgment debtor. It is not enough that the sheriff shall, as judge and jury, determine what has been certified to him, but he should, to his return, attach the certificate given to him by the officer of the corporation."

Section 55, Chap. 77, is as follows :

"The officer of the company who keeps a record or account of the shares or interest of the stockholders therein, shall, upon the exhibiting to him of the execution, be bound to give a certificate of the number of shares or amount of the interest held by the judgment debtor. If he refuses to do so, or if he willfully gives a false certificate thereof, he shall be liable for double the amount of all damages occasioned by such refusal or false certificate, to be recovered in any proper action, unless the judgment is satisfied by the original defendant."

We are in no manner troubled concerning whether shares of stock in incorporated companies are subject to attachment, for the Supreme Court, in an exhaustive review of the statutes concerning attachments, and judgments, and

decrees, has, in terms, held that shares of stock which are liable to be taken on execution are subject to attachment. Union National Bank v. Byram, 131 Ill. 92.

In that case, according to the statement of counsel for appellee in his brief, and not denied by appellant, the return of the sheriff copied from the record therein, was as follows:

" By virtue of this writ I also levied on ninety-one shares of stock in the Chicago Dock Company, the property of the defendant, Nathan Corwith, as certified by C. H. Dumphy, secretary of said company, by delivering a certified copy of this writ to said C. H. Dumphy, secretary of said company, an officer in charge of its books and papers, on October 30, 1888.

C. R. MATSON, Sheriff."

Such return was sustained in that case, notwithstanding there was no return of the certificate given by the officer of the company to the sheriff.

We fail to discover anything in the statutes which makes it the duty of the sheriff to return the certificate, which the officer, who is the keeper of the record, or account, of the shares or interest of the stockholders in the corporation along with his return of the manner in which he executed the writ. Nor do we see that any good purpose would be served by requiring such certificate to be returned with the writ. It would evidence nothing if returned. The object of the section is, evidently, to require the official having charge of the records of the corporation to disclose the shares or interest of stockholders in the corporation, in order to enable the sheriff to intelligently levy his writ. Such shares and interest being subject to attachment and execution, the section affords to the sheriff a means of finding out what their interest is, as a basis for his levy.

Having, under the provisions of the section, obtained the certificate and become thus informed, the sheriff makes his levy and returns his writ, but it does not follow that he should return with the writ his means of information. Such might well be retained by the sheriff as a private paper for his own protection. Probably a return of the certificate

would do no harm, but we do not see that it would do any good, and we are clear it is not required.

Notwithstanding the statement already quoted from appellant's brief, he does, in closing, contend that the finding of the court is against the evidence; and although, because of appellant's statement above referred to, the appellee has declined to discuss the evidence, we have nevertheless examined the bill of exceptions, in order to determine for ourselves where the weight of evidence rests.

From such examination we are not prepared to say that the finding is wrong, and therefore, upon the whole record, we think the judgment should be affirmed.