## JOHN A. GARRISON v. ELIZABETH (JULIA. W. L.) SECKENDORFF.

Argued June 2, 1909—Decided November 8, 1909.

1. A trustee appointed by the federal court in bankruptcy has a legal *status* to attack a judgment illegally entered against the bankrupt.
2. The affidavit required by the Attachment act as the basis for the issuance of the writ is not amendable after judgment entered by substituting one Christian name for another stated in the writ.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the motion, *Maximilian T. Rosenberg.*

The opinion of the court was delivered by

MINTURN, J. An attachment was issued out of this court against Elizabeth Seckendorff on May 4th, 1907, and judgment was entered in that suit against the defendant on January 2d, 1908.

In May following the defendant was declared a bankrupt by the federal court, and in September of that year the proceedings in attachment were amended, on motion, by substi-

tuting the name "Julia" for that of Elizabeth; and this application is intended to review the legality of that order and vacate it as irregularly and improvidently entered.

The affidavit in attachment alleged that Elizabeth Seckendorff was known as "Countess" Seckendorff, and the caption to the affidavit read "Elizabeth Seckendorff, known as 'Countess' Seckendorff (the name Elizabeth being fictitious, the defendant's Christian name being unknown)." This is the only reference contained in the affidavit to the want of knowledge of the true Christian name of the defendant. The writ was issued against Elizabeth Seckendorff; the judgment was so entered, and no appearance by defendant was entered.

The trustee in bankruptcy, in behalf of creditors, now attacks the order, substituting the name "Julia" for that of Elizabeth after the entry of judgment against the latter.

The proceedings in attachment are statutory, and become cognizable under the provisions of the forty-third section of the Practice act only after appearance entered by the defendant, in which event, by the terms of the Attachment act, the suit proceeds as in suits commenced by summons. *Davis* v. *Megroz, 26 Vroom* 427; *Jackson* v. *Johnson, 22 Id.* 457.

The power of amendment, therefore, prior to the appearance of the defendant, must be found not in the Practice act but in the Attachment act; and it has been held by this court that the affidavit in attachment is not amendable by supplemental proof. *Corbit* v. *Corbit, 21 Vroom* 363; *McGrew* v. *Steiner, 48 Id.* 377.

We think also that the trustee in bankruptcy, representing, as he does, the creditors of the bankrupt, has a legal *status* to attack the regularity of the judgment entered against the bankrupt. *Merchants National Bank* v. *Pennsylvania Steel Co., 28 Vroom* 336; *Bankruptcy act* (30 *Stat. L.*) 565, § 70; *Norton* v. *Hood,* 124 *U. S.* 20; *Chesapeake Shoe Co.* v. *Seldner,* 122 *Fed. Rep.* 593.

For these reasons we think the order permitting the amendment of the writ of attachment, and of the judgment entered thereon, should be set aside.