CLARENCE L. BARBER *vs.* J. PIERPONT MORGAN.

Third Judicial District, New Haven, June Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

No judgment *in personam* can be rendered against a nonresident defendant upon whom process has not been personally served and who does not voluntarily appear; but an attachment of his property within the territorial jurisdiction of the local court authorizes it, upon proper proceedings, to render a judgment in the nature of one *in rem*, under which the attached property may be subjected to execution in favor of the judgment creditor.

For the purpose of an attachment, shares of stock have their *situs* at the location of the corporation.

Under the provisions of General Statutes, § 833, which was originally enacted in 1805, shares of stock in a Connecticut corporation which are owned by a nonresident, as well as those owned by a resident, are subject to attachment in the manner therein prescribed.

A clause in § 833 provides that the attaching officer may require of the

secretary of the corporation a certificate showing the number of shares of stock which the defendant owns. *Held* that this provision furnished the attaching officer with the means of obtaining information, but formed no part of the service of the process; and therefore his omission to request a certificate did not invalidate an attachment of the stock.

The purpose of an attachment, both at common law and under our early statutes, was to compel the defendant's appearance.

Where there is an attachment of the nonresident's property in this State and the defendant appears, the action becomes a proceeding *in personam.*

The provision in § 828 requiring a copy of the process, including the officer's return, to be left with the person who has charge or possession of the "estate" of a nonresident which has been attached, is not applicable to cases in which there has been no actual, physical seizure of property, but only a constructive taking, as in cases of garnishment and the attachment of stock.

This court cannot assume that changes or corrections were made in an officer's return other than those disclosed by the record itself.

Argued June 14th—decided July 31st, 1911.

ACTION against a nonresident stockholder of an alleged insolvent corporation of this State, to recover the amount of an unsatisfied judgment rendered against it, brought to the Superior Court in New Haven County and erased from the docket (*Ralph Wheeler, J.*) for want of jurisdiction, upon motion of the defendant, who had appeared specially, from which judgment the plaintiff appealed. *Error and cause remanded.*

*Walter J. Walsh* and *Clarence L. Barber,* for the appellant (plaintiff).

*Arthur M. Marsh,* for the appellee (defendant).

THAYER, J. This case was erased from the docket of the Superior Court for want of jurisdiction apparent upon the record. The plaintiff, claiming that the record does not disclose want of jurisdiction, brings the record before us by appeal.

The writ describes the defendant as a resident of the

City and State of New York. It commands the officer to attach the property of the defendant and summon him to appear before the Superior Court upon the return day. The return of the officer does not show that personal service of the writ and complaint was made upon the defendant, but it states that the officer attached, as the property of the defendant, four thousand three hundred and seventy-seven shares of the stock of the New York, New Haven and Hartford Railroad Company, a corporation organized and existing under the laws of this State and located in New Haven, by leaving a copy of the process and complaint, duly indorsed, with the secretary of the corporation, and a like duly indorsed copy with the corporation as the party having charge of the defendant's property so attached.

As the process was not served upon the defendant, the Superior Court had no jurisdiction over him which would enable it to render a judgment which would bind him personally; but if his property within this State was lawfully attached, such attachment gave the court jurisdiction, upon proper proceedings, to render a judgment under which the attached property could be levied upon and subjected to the payment of the judgment. *O'Sullivan* v. *Overton*, 56 Conn. 102, 103, 14 Atl. 300; *Smith* v. *Gilbert*, 71 Conn. 149, 153, 41 Atl. 284; *Cooper* v. *Reynolds*, 10 Wall. (U. S.) 308, 319. The appellant claims that it appears from the record that such an attachment was made. The correctness of the court's action in erasing the case from the docket depends upon whether the officer's return shows an attachment of the defendant's property.

It is well settled that stock in a corporation, for the purpose of an attachment, has its *situs* where the corporation is located. *Winslow* v. *Fletcher*, 53 Conn. 390, 394, 4 Atl. 250; 2 Cook on Corporations (6th. Ed.) § 485; Helliwell on Stock & Stockholders, § 398. The

Barber *v.* Morgan.

shares claimed to have been attached were therefore within the jurisdiction of the court. Section 833 of the General Statutes provides that "rights or shares in the stock of any corporation, together with the dividends and profits due and growing due thereon, may be attached, and taken on execution. Such attachment shall be made by leaving a true and attested copy of the process, and of the accompanying complaint or declaration, with the proper indorsement thereon, of the officer serving the same, as in other cases, with the defendant, or at his usual place of abode, if within this State, and with the secretary, clerk, or cashier of such corporation, . . . and such rights or shares, together with the dividends and profits, shall be holden to respond to the judgment which may be recovered in said action, for sixty days only after its rendition; and when an officer with a writ of attachment shall apply to such secretary . . . for the purpose of attaching such rights or shares, the secretary . . . shall furnish him with a certificate . . . specifying the number of rights or shares which the defendant holds in the stock of such corporation." This statute was enacted in 1805. Prior to its enactment shares of stock, being intangible and incapable of seizure, could not be attached under the existing statute authorizing attachments. The purpose of the statute was to make them attachable. It provides in general terms that all such shares may be attached and taken on execution. The language is broad enough to include shares of a nonresident, as well as those of a resident, debtor. But in providing how the attachment shall be made it does not in terms provide that any notice shall be given to a nonresident, but provides for notice to defendants, if within the State; and it is claimed, in support of the judgment of the Superior Court, that no attachment of a nonresident's stock was intended, or can be made, unless he is found in the

State and personally served with a copy of the process and complaint.

The statute must be read in connection with the statutes relating to attachments existing at the time it was enacted, to determine what the legislative intent was in enacting it. The history of the statutes of attachment shows that at first an attachment, as a part of the original process, was allowed in only two cases: where the defendant was a nonresident out of the jurisdiction, and where the defendant was about to abscond or was about to fraudulently conceal his property. Where the defendant was a resident he was, except in the cases mentioned, to be summoned to appear, and if he failed to do so an attachment was allowed on mesne process issuing from the court. The purpose of attachment in each case was to compel the defendant to appear and to answer to the action; and, as is apparent from the statutes, attachment on original process was designed chiefly to reach nonresidents and absconders. Statutes (Comp. 1808) p. 31, note; Revised Statutes (1821) p. 38, note; 2 Swift's System, 195. This was its purpose at common law, of which our process by attachment is an offspring. "At common law an attachment, as part of the service of process in a civil suit, is a species of distress, in which the effects attached were the ancient *vadii* or pledges." Parsons, C. J., in *Bond* v. *Ward,* 7 Mass. 123, 128. "The writ of attachment was a very ancient judicial process designed to coerce an appearance on pain of eventual outlawry." *Watson* v. *Noblett,* 65 N. J. L. 506, 507, 47 Atl. 438.

Prior to 1805 the right to proceed by attachment on the original process had been extended, and such process was allowed in all cases, and applied to residents as well as nonresidents or absconding debtors. The statute also provided that if the party against whom the

writ was brought was not an inhabitant or sojourner in this State, or was absent therefrom at the time of commencing such suit, the judge of the court where it was returnable might continue the action to the next court, and if the defendant did not then appear, by himself or attorney, might again continue it to the following court, and no longer, but might, after such continuances, enter up judgment on default. But in such case execution was stayed until the plaintiff should give bond to make restitution in case the judgment should be reversed or altered. Revision 1784, p. 4. These statutes, read together, clearly contemplate cases where the defendant is a nonresident and has not been personally served. Provision is made for notice to the defendant by leaving a copy of the process with him, or at his usual place of abode, "if within this State," but no provision is made for notice to him if he is a nonresident not within the State. In the original and present Act making shares of stock attachable, the same provisions as to notice to the defendant are made. In speaking of the earlier statute Swift, writing in 1795–6, says: "When an attachment is levied on personal estate, a copy must be left with the defendant, or at his usual place of abode if within this State. . . . If he be not an inhabitant of this State . . . no copy can be left, but the attachment of the estate, will be a sufficient service of the writ, to authorize a trial of the action." 2 Swift's System, 190. In *Osborn* v. *Lloyd*, 1 Root, 447, decided in 1792, a plea in abatement to a writ of foreign attachment, upon the ground that both plaintiff and defendant were inhabitants of another State, and that neither of them was or ever had been an inhabitant of this State, was held insufficient, the court saying: "The attaching of visible property [in this State] gives jurisdiction to the court of causes not otherwise within its jurisdiction. By the foreign attachment, the invisible

property of the debtor is attached and holden within this county and gives jurisdiction to the court." This is contemporaneous exposition by competent authority.

It thus appears that when the statute providing for the attachment of shares of stock was enacted, the attachment by actual seizure of tangible property of a nonresident, and the constructive seizure by process of foreign attachment of his intangible property in the hands of his attorney, agent, or debtor, was sufficient, without personal service upon him, to give the court jurisdiction to render a judgment which could be levied upon the attached property. No reason is apparent, or has been suggested, why, under like conditions, an attachment of shares of stock in this State belonging to a nonresident defendant should not have the same effect. We think that the legislature intended that it should have, and that a nonresident's stock in a Connecticut corporation may, in his absence from the State, be attached, under § 833 of the General Statutes, by leaving a copy of the process and complaint, duly attested, with the secretary, clerk, or cashier of the corporation, as the section prescribes. This stands in place of the actual seizure in the case of tangible property. This was the only service attempted in the case of Abbott & Wilcomb v. Richards, referred to in *Stamford Bank* v. *Ferris*, 17 Conn. 259, 260, as appears by the officer's return on the writ in the original action. The attachment failed because the copy was not left at the bank. But no question was raised that it was invalid because Richards, who was a nonresident, was not served with a copy. The leaving of a copy with a defendant, or at his place of abode, is for the purpose of giving him notice of the pendency and nature of the action, and of the fact that his property has been attached. It is as essential that a resident should have

such notice as that a nonresident should have it. But leaving a copy at the usual place of abode of a resident defendant may fail to give notice to him. He may be absent and so fail to receive it. Provision is now made for the continuance of cases when the defendant, though a resident of this State, is absent from it at the commencement of the action and does not return or enter an appearance before the return day, and for a continuance and an order of notice by the court, by publication or otherwise, where the defendant is a nonresident and does not appear. Where there is an attachment and no appearance by a nonresident defendant, the action is treated as in the nature of a proceeding *in rem.* If he appears it becomes a proceeding *in personam. O'Sullivan* v. *Overton,* 56 Conn. 102, 103, 14 Atl. 300; *Veeder Mfg. Co.* v. *Marshall-Sanders Co.,* 79 Conn. 15, 17, 63 Atl. 641; *Cooper* v. *Reynolds,* 10 Wall. (U. S.) 308, 319. In case there is no appearance, execution cannot issue until the plaintiff files with the clerk a bond, in double the amount of the judgment, to refund the whole or such part of it as the court, upon writ of error or petition for a new trial brought within a year after the judgment, shall adjudge that the plaintiff had no right to recover. All these provisions apply as well in the case of an attachment of shares of stock as to the attachment of tangible property, and are as well calculated to give notice to the defendant and protect his interests in the one case as in the other under the statutes existing at the time when shares of stock were made subject to attachment. Acts passed subsequently can have no effect upon the construction which is to be placed upon § 833.

Section 828 of the General Statutes, which was originally enacted as a part of the Revision of 1821, provides that when a nonresident's estate in this State is attached, a copy of the process and complaint, with a

return describing the estate attached, shall be left by the officer serving the process with the agent or attorney of the defendant within the State, or in case there be no such agent or attorney within the State, such a copy shall be left with him who has charge or possession of the estate attached.   This statute provides means for the nonresident to obtain notice of the attachment, and the nature of the action against him, which did not exist before in the case of tangible property.   It does not provide for the attachment of such property.   It speaks of that as a right already existing.   The officer who made the attachment in the present case attempted to comply with the terms of this section by leaving a copy with the New York, New Haven and Hartford Railroad Company as the person having charge or possession of the estate attached.   This action on his part was entirely nugatory, because, as we said in *Veeder Mfg. Co.* v. *Marshall-Sanders Co.*, 79 Conn. 15, 17, 63 Atl. 641, that section applies only to cases where there is a direct levy upon property.   It is not applicable where there is no actual seizure of the property but a mere constructive seizure as in cases of garnishment and the attachment of stock.   In such cases the attachment is made, and the estate of the debtor taken into the custody of the law, by leaving a copy of the process, in the one case with the agent or debtor of the defendant, and in the other with the secretary, clerk, or cashier of the corporation whose capital stock is attached.   No good end can be served by leaving a second copy with the same parties.   It is unnecessary, therefore, to consider whether the officer's return shows a proper compliance with the provisions of § 828.

Several objections to the officer's return were made in the motion to erase, which he was allowed to correct upon motion of the plaintiff's attorneys.   Other objections have been made in the brief and argument be-

fore us. So far as these relate to the return under § 828 of the General Statutes, they are nugatory, as the officer's attempted compliance with that section was nugatory.

One of the remaining objections is that the return does not show that the original process was returned to court, but shows that a copy of it was returned. The original return made it clear that the original writ and complaint, with the indorsement of the officer's doings thereon, was returned to court. It does not appear that the officer has ever changed this part of his return, although permission for him to do so was asked for in the motion of the plaintiff's attorneys. As the motion was made for the purpose of securing corrections which would obviate the objections raised on the motion to erase, and this was not one of them, we presume that the request for permission to make this change was without authority, probably a clerical error, and that the change has not been made. We cannot, in the absence of proof on the record, assume that such a change has been made.

Another objection is that the return does not show that the officer demanded and received a certificate from the secretary, showing the number of shares of stock which the defendant held in the corporation. The statute provides that he may do this, but it is no part of the service of the process. The provision is to aid the officer in making the attachment. He may have sufficient information as to the defendant's holdings of the stock to enable him to proceed with the attachment without making the demand. If he has not, the provision gives him the means of obtaining it. His failing to make it does not invalidate the attachment.

As the officer's return showed a valid attachment of the defendant's property in this State, the case should not have been erased from the docket.

There is error, the judgment is set aside and the cause is remanded for further proceedings according to law.

In this opinion the other judges concurred.