ADDISON H. GIBSON *vs.* E. NEAL GILLESPIE and JOSEPH F. GUFFEY.

(*June* 1, 1927.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Caleb S. Layton* and *James R. Morford* (of Marvel, Layton, Hughes and Morford) for motion.

*James I. Boyce, contra.*

Superior Court for New Castle County, September Term, 1926.

No. 218, September Term, 1926.

PENNEWILL, C. J., delivering the opinion of the Court:

This is a motion to amend a sheriff's return in accordance with the facts:

Under a writ of foreign attachment issued in the above stated case September 3, 1926, the sheriff of this county attached all the shares of stock of the defendant in the Columbia Syndicate.

Having attached said stock the officer left a certified copy of the process with the resident agent of that company at its principal office or place of business in this state, who gave to each officer a certificate, which, in substance, stated that the defendant owned 76,693 shares of stock in the Columbia Syndicate, but stated no certificate numbers or other marks distinguishing such shares.

It is now claimed that the number of shares of the defendant in said company at the time of the attachment was 61,596 shares, which is about 15,000 shares less than the number certified to the sheriff, and it is also claimed that the certificates for said shares bear certain specified numbers, which did not appear from the duplicate stock ledger at the time of the attachment.

In explanation of these alleged facts the resident agent of the company, through its secretary, testified that the transfer sheets from which the duplicate stock ledger in its keeping is made up, and which shows the number of shares owned by the defendant in said company, and the numbers of the stock certificates, were not received by it until after the attachment and after the time its certificate was given to the sheriff.

It is not denied by the defendant that he was the owner, at the time of the attachment, of the number of shares stated in the transfer sheets and now shown by the duplicate stock ledger. Neither is it denied that the number of shares mentioned in the certificate delivered to the sheriff was incorrect and largely in excess of the correct number.

So that the only question for the court to determine is whether the sheriff shall be allowed to amend his return by inserting in the certificate given to him by the resident agent, and made a part of the sheriff's return, the numbers of the stock certificates as they appear on the duplicate stock ledger.

This motion is opposed by the defendant on the ground that the leave asked for would not, if granted, be an amendment of the return in accordance with the facts as they existed at the time of the attachment, September 3, 1926, because the numbers of the stock certificates sought to be inserted in the certificate given to the sheriff did not appear from the duplicate stock ledger at that time, or from any other competent evidence before the court. It is not denied that the defendant's stock certificates bore the alleged numbers when the stock was attached, but only that there is no proof of the fact.

The resident agent's secretary testified that such numbers did appear from the transfer sheets delivered in the usual course of

business, and that from such transfer sheets the duplicate stock ledger in its custody and control is made up.

The court are of the opinion that the testimony before the court is sufficient to establish the fact that the numbers asked to be inserted in the sheriff's return were the numbers at the time of the attachment.

■ It may not be necessary in this case to decide whether the certificate required by the statute to be delivered by the company to the sheriff is or is not essential to the validity of the attachment, but, that question having been argued by counsel, we think it proper to express an opinion thereon.

The court are clearly of the opinion that all the stock of the defendant in said company was attached when a copy of the process was left with the company as provided by law. To hold otherwise would make it possible for a corporation, or its resident agent, to delay if not defeat an attachment in any case. Certainly, the statute does not contemplate such a situation. It distinctly says:

"When * * * stock * * * shall be so attached, a certified copy of the process shall be left," etc. *Section* 96, *General Corporation Law, Revised Code* of 1915, § 2010, as amended by *Chapter* 105, *vol. 33, Laws of Delaware*, § 2.

Service of process, as required by the statute, is notice to the corporation that the stock has been attached. *Fowler v. Dickson*, 1 *Boyce* 113, 121, 74 *A*. 601.

The certificate, which the statute provides shall be delivered to the officer, is made a part of his return, and serves the useful purpose of identifying the shares that may be sold under the process; but its absence would not invalidate the attachment. *Fletcher on Corporations, vol.* 5, § 3144; *Thompson v. Wells*, 57 *Ill. App.* 436; *Barber v. Morgan*, 84 *Conn.* 618, 80 *A*. 791, *Ann. Cas.* 1912D, 951.

Note.—See *Mann v. Peer*, 4 *Penn.* 279, 55 *A*. 335.