## ELM CITY FILLING STATIONS, INC.
### *vs.*
## MAY OIL BURNER CORPORATION, ET AL.

Superior Court     New Haven County     File No. 57223

MEMORANDUM FILED NOVEMBER 7, 1939.

*Joseph Weiner,* of New Haven, for the Plaintiff.

*Wiggin & Dana,* of New Haven, for the Defendants.

FOSTER, J.   This action was instituted by the plaintiff against the May Oil Burner Corporation and another, describing the named defendant as a resident of the State of Maryland.

This defendant filed a plea to the jurisdiction of the court as to this defendant, because of its nonresidence in this state and failure of the plaintiff to make such service of the writ and complaint as would sustain judgment against it *in personam.*   In the plea it is alleged that this court has jurisdiction over the property of this defendant duly attached in this state.   To the plea to the jurisdiction the plaintiff demurs.   This defendant cites *Patterson vs. Farmington Street Ry. Co.,* 76 Conn. 628. The case cited does not sustain this defendant's contention.   It was, in effect, determined by the Supreme Court of Errors that such judgment did not harm the plaintiff.   The court says, on page 638: "The plaintiff has suffered no injury from this judgment.   After its rendition the plaintiff was entitled to press his action as a proceeding *in rem,* and, if upon trial his claims should be sustained by the court, he would be entitled by the terms of the judgment, which found that Coykendall had been duly notified of the institution of the action as a proceeding *in rem,* to as full a remedy in respect to the interest of Coykendall in any property which might be the subject of the proceeding, as if the judgment had not been rendered.

"The judgment is not only harmless to the plaintiff, especially in view of the conclusion we reach in regard to the other part of the case, but is in substance a correct answer to the issues framed by the parties.   In legal effect it is limited to the abatement of a personal action as against Coykendall."

That a judgment *in rem* and no more may be rendered upon the facts stated in the plea to the jurisdiction, the truth of which is admitted by the demurrer, cannot be doubted or questioned. "As the process was not served upon the defendant, the Superior Court had no jurisdiction over him which would en-

able it to render a judgment which would bind him personally; but if his property within this state was lawfully attached, such attachment gave the court jurisdiction, upon proper proceedings, to render a judgment under which the attached property could be levied upon and subjected to the payment of the judgment. . . .The appellant claims that it appears from the record that such an attachment was made. The correctness of the court's action in erasing the case from the docket depends upon whether the officer's return shows an attachment of the defendant's property." *Barber vs. Morgan,* 84 Conn. 618, 620.

The demurrer to the plea to the jurisdiction is sustained.