31 N.J. Super. 277 (1954)
106 A.2d 321
WHITEMAN FOOD PRODUCTS COMPANY, A CORPORATION, PLAINTIFF-APPELLANT,
v.
PRODOTTI ALIMENTARI, G. ARRIGONI & C., SOCIETA PER AZIONI, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 21, 1954.
Decided June 25, 1954.
*278 Before Judges CLAPP, SMALLEY and SCHETTINO.
Mr. Saul J. Zucker argued the cause for plaintiff-appellant (Messrs. Kristeller & Zucker, attorneys).
Mr. Samuel H. Nelson argued the cause for defendant-respondent.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This matter comes before us on a reargument of the case reported in 27 N.J. Super. 359 (App. Div. 1953). Leave to reargue was granted in Original R. & R. Empire Pickle Works v. G. Arrigoni & C. Societa Per Azioni, 28 N.J. Super. 405, 408 (App. Div. 1953), certification denied Original R. & R. Pickle Works v. Prodotti Alimentari, G. Arrigoni & C., Societa Per Azioni, 14 N.J. 352 (1954). There are two attachment actions involving these parties, as stated in 28 N.J. Super., at page 407 and 408. Defendant has entered a general appearance in the later action, and so, for practical purposes, the questions raised here in the earlier action are of no consequence, unless *279 plaintiff is liable for costs and damages on an attachment bond it posted in that action.
We need deal with but one issue, namely, whether the writ of attachment issued in the earlier action was properly quashed. See 27 N.J. Super. 359, supra. That in turn raises the question whether the affidavit supporting the writ of attachment was sufficient. Defendant's argument, in the main, rests on two points. First, it says that this affidavit failed to show a meeting of minds on the contract on which plaintiff's claim rests. The argument here is that plaintiff made an offer to buy some merchandise from defendant in Italy, attaching a condition to the offer; but defendant, when it accepted the offer, rejected the condition. From the affidavit, however, it appears that after defendant had refused to accept this condition, plaintiff gave instructions from time to time to defendant to make shipments pursuant to the contract. This sufficiently shows that plaintiff had acceded to defendant's terms. Restatement of Contracts § 21; 1 Williston on Contracts (rev. ed.), § 90. As stated in the affidavit, defendant complied with those instructions of plaintiff, shipping to plaintiff a large quantity of merchandise, nearly a third of that ordered.
The second point urged is that defendant accepted the plaintiff's offer upon a condition, namely, "provided crop." This condition was met; the crop was sufficient to meet plaintiff's order. As appears in the affidavit (in two places), defendant's general manager orally assured plaintiff that "it had on hand" the merchandise "required to fill the contract." Besides, defendant's letter of August 14 is quoted in the affidavit: "We are of course keeping the quantities you ordered reserved for you." We dealt with this in 28 N.J. Super., at page 410.
Buttressing our conclusions upon both these points is the subsequent statement of defendant's general manager (also set forth in the affidavit) admitting "that defendant was obligated under its contract with plaintiff" to deliver the remaining two-thirds of the merchandise "contracted *280 for." The affidavit makes out a prima facie case. Plenary proof is not required.
We do not, therefore, reach the question whether the trial court erred in refusing to permit additional affidavits to be filed. We may say, however, that the provisions of R.R. 4:77-3 with respect to the filing of additional affidavits were designed to get away from a highly technical practice which once obtained. See Corbit v. Corbit, 50 N.J.L. 363 (Sup. Ct. 1888); McGrew v. Steiner, 77 N.J.L. 377 (Sup. Ct. 1909); Garrison v. Seckendorff, 79 N.J.L. 203 (Sup. Ct. 1909), affirmed 80 N.J.L. 463 (E. & A. 1910).
Reversed.